JOHN R. SMITH & others *vs.* CHARLES F. HITCHCOCK
& others.

Worcester. Oct. 12, 1880. — April 5, 1881. COLT, MORTON & FIELD, JJ.,
absent.

The mortgagee of a large parcel of land, pending negotiations with the mortgagor for a release of the equity of redemption, conveyed, by warranty deed, a portion of the land to the plaintiffs, who knew the state of the title, and who took possession of the land conveyed to them. The negotiations for the release of the equity of redemption having failed, the mortgagee entered to foreclose his mortgage. A few months afterwards, H., who had full knowledge of these facts, agreed with L., one of the plaintiffs, to furnish him with money to buy the mortgage from the mortgagee, L. to take an assignment of the mortgage to himself, release the mortgage on the plaintiffs' land to the mortgagee, and then assign the mortgage, excepting the release, to H., it being supposed that this would perfect the plaintiffs' title. This arrangement was carried out except that L. quitclaimed the plaintiffs' land to the mortgagee, and then executed a release or discharge of the mortgage to H. instead of an assignment. H. in the mean time procured a deed of the entire land from the mortgagor, which fact was known to L. when he executed the discharge of the mortgage. *Held*, on a bill in equity to restrain H. from prosecuting a writ of entry to obtain possession of the land conveyed to the plaintiffs, and to compel him to transfer his interest in the land to the plaintiffs, that the conveyance by the mortgagee to them operated as an equitable assignment of the mortgage held by their grantor, and that the plaintiffs were entitled to no other relief than that H. be restrained from prosecuting the writ of entry until payment to them of the amount they had paid for the land.

BILL IN EQUITY, filed July 31, 1879, by the members of a firm doing business under the name of the Union Cheese Company, against Charles F. Hitchcock, Moses Smith and Jeremiah Mara. The case was heard by *Ames*, J., on the pleadings and the report of a master, and reserved for the consideration of the full court, and was as follows:

On April 3, 1875, Moses Smith, the owner of a farm containing about one hundred acres, conveyed it to Mara, and on the same day Mara mortgaged it to said Smith as security for $2750, payable on demand, with interest.

On May 30, 1878, pending negotiations between Mara and Smith for a release of the equity of redemption by the former to the latter, Smith, expecting that Mara would release the equity of redemption to him, conveyed by warranty deed to the plaintiffs one and a half acres of said farm, for $112 50, they giving

their individual notes therefor. The plaintiffs at this time knew of the negotiations pending between Smith and Mara, and took the deed in expectation of such release, and relying upon the covenants in Smith's deed. These notes are still outstanding in the hands of Smith, and he and Mara failed to conclude an agreement for the release of the equity. The plaintiffs took possession under their deed, and have remained in possession ever since.

On November 27, 1878, Smith took possession of the entire farm for the purpose of foreclosing his mortgage, the condition of which had been broken.

In April 1879, Hitchcock, with full knowledge of the above transactions and of the condition of the plaintiffs' title to the land, desiring to purchase the farm for himself and supposing that Smith had ill feeling toward him on account of his having advised Mara in his negotiations with Smith, and also knowing that Lamberton, one of the plaintiffs, was anxious to be relieved from liability as the holder of certain papers of Smith and Mara pending said negotiations, and knowing that Lamberton desired to perfect the plaintiffs' title to this land, employed Lamberton to purchase the mortgage from Smith for $2000, furnished the money therefor, and paid him for his services and expenses, without any intent on the part of Hitchcock or Lamberton to defraud the plaintiffs. The amount due on the mortgage at this time exceeded $2000, and the equity of redemption was worthless. It was agreed between Hitchcock and Lamberton that Lamberton should take an assignment of the mortgage to himself (not disclosing to Smith that he was acting for Hitchcock) and release the mortgage on the plaintiffs' land to Smith, and then assign the mortgage, excepting said partial release, to Hitchcock, and thereby save the plaintiffs' rights, as they supposed, and as Lamberton was advised by his counsel.

Smith thereupon for $2000 assigned the mortgage to Lamberton, and Lamberton gave Smith a quitclaim deed, in usual form, of the plaintiffs' land, and afterwards executed a release or discharge, in usual form, of the mortgage to Hitchcock, with a clause inserted as follows: "But this discharge is subject to a partial discharge of said mortgage to said Moses Smith." When Lamberton executed a discharge instead of an assignment of the

mortgage to Hitchcock, as intended and agreed between them, they were advised by the scrivener, who acted as counsel for both parties, that the legal effect of said instruments was to save the rights of the plaintiffs in said tract; and the discharge of the mortgage was a mistake of both parties and intended to be an assignment of the mortgage.

Hitchcock in the mean time had obtained a warranty deed from Mara, for a nominal consideration, excepting said mortgage in the covenants against incumbrances, which fact was known to Lamberton when he executed the discharge of the mortgage.

Hitchcock paid the $2000 for said mortgage, with knowledge that Lamberton had executed a partial release thereof to Smith for the benefit of the plaintiffs, but not knowing that it was in the form of a quitclaim deed, as above stated. All the parties supposed the above transactions would perfect the title of the plaintiffs.

Hitchcock did not make any agreement with the plaintiffs or with Lamberton to give any deed of the land to the plaintiffs.

On May 26, 1879, Hitchcock, without tendering to the plaintiffs said sum of $112.50, brought a writ of entry against them to recover possession of the land conveyed to them by Smith.

The prayer of the bill was that Hitchcock be restrained from the further prosecution of the writ of entry, and that he be ordered to transfer his interest in the said land; that the instrument executed by Lamberton to Hitchcock be declared void; that Lamberton be ordered to assign the mortgage to Hitchcock, upon condition that Hitchcock make no claim to the estate conveyed to the plaintiffs, and release to the plaintiffs his interest in said land; and for further relief.

*F. T. Blackmer*, for the plaintiffs.

*W. S. B. Hopkins*, for the defendants.

SOULE, J. The plaintiffs made their original bargain with Moses Smith, and took their deed from him with full knowledge that his only title to the premises in controversy was as mortgagee, and that the deed did not give them a valid and indefeasible title. They relied on his covenants and their expectation that he would get a perfect title through negotiations then pending with his mortgagor, the owner of the equity. In the

most favorable view for the plaintiffs which we can take of this transaction, they took only an equitable assignment of the mortgage which Smith held, to the amount which they paid for the land in dispute, which the master has found to be $112.50. *Bruce* v. *Bonney*, 12 Gray, 107. If Moses Smith had afterward become the owner of the equity, his new title would have enured to the benefit of the plaintiffs, and their title would have become perfect. But the transaction gave the plaintiffs no right, legal or equitable, to or in the estate of the mortgagor. The defendant Hitchcock had a right, notwithstanding his knowledge of all that had taken place between the plaintiffs and Smith, to buy the estate of the mortgagor, and to hold it as his own, without regard to the expectation of the plaintiffs, when they took their deed, that their title would be afterward perfected, by an arrangement between Smith and the mortgagor. Hitchcock accordingly bought the mortgagor's estate in the premises, and the question is, Was his right therein so affected by what occurred between him and Lamberton, one of the plaintiffs, that he ought not to be permitted to maintain his writ of entry against the plaintiffs, or that they are entitled to have a release from him of all interest in the land in dispute?

The master's report shows that Hitchcock never agreed to make any conveyance to any of the plaintiffs, and that he did agree with Lamberton that Lamberton should buy the mortgage which Moses Smith held with money furnished by Hitchcock, and take an assignment to himself, and then release to Moses Smith the mortgage so far as it related to the land in dispute, and then assign the mortgage on the remaining part of the land to Hitchcock. This Lamberton did, precisely as agreed, except that, instead of assigning the mortgage to Hitchcock, he discharged it subject to the partial discharge given to Moses Smith. The effect of this on the rights of the parties was the same as if the mortgage had been assigned. As there was no intervening estate between the mortgage and the estate which Hitchcock bought of the mortgagor, the mortgage interest would have been merged in the fee, even if an assignment had been made to Hitchcock, subject only to the equitable interest of the plaintiffs under their deed from Moses Smith; and this equitable interest is kept alive under the existing state of the paper title, and the

facts found by the master. It is a matter of indifference to the plaintiffs, therefore, whether the mortgage be discharged or assigned, unless the fact that the purpose of Lamberton and Hitchcock to save the rights of the plaintiffs is to be carried into effect to the extent of compelling a conveyance by Hitchcock, notwithstanding the fact that he did not undertake to make such conveyance, even by an oral agreement. To this relief the plaintiffs are not entitled. It is not found as a fact that Lamberton and Hitchcock agreed that they would buy the mortgage and the equity of redemption, and then make such conveyances as would perfect the title of the plaintiffs to the land in dispute. If that had been the agreement, and such things had been done under it as to amount to a part performance on the part of Lamberton, the question presented would have been quite different from that now before us. The agreement actually made was merely that, when Lamberton had bought the mortgage with Hitchcock's money, he might, before assigning it to Hitchcock, release it so far as it concerned the land in dispute. The fact that this agreement when executed failed to accomplish the result which the parties to it had in mind, does not entitle the plaintiffs to have another agreement substituted for it, nor to have the desired result accomplished at the expense of the defendant Hitchcock by means of compelling conveyances by him which no one contemplated that he should be called on to make.

As the plaintiffs have an equitable interest in the mortgage, to the amount paid by them for the land in dispute, by virtue of their deed, and as this interest would not be a defence to the writ of entry sued out by Hitchcock, it is proper that he be enjoined against prosecuting that writ till he has paid the plaintiffs that amount. To this extent only is the bill sustained.

*Decree accordingly.*