[No. 2029.   Decided February 24, 1896.]

THE SMITHSON LAND COMPANY, *Respondent*, v. JOHN C. BRAUTIGAM *et ux.*, *Appellants*.

ESTOPPEL—ACCEPTANCE OF BENEFITS UNDER COVENANT OF WARRANTY—
ACTION FOR BREACH.

Where a grantee in a deed avails himself of the covenants of warranty in the deed to receive benefits thereunder, he is estopped from maintaining an action for damages for breach of such covenants.

Appeal from Superior Court, King County.— Hon. RICHARD OSBORN, Judge.   Reversed.

*J. R. & R. M. Kinnear*, for appellants.

*Blaine & DeVries*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—One A. E. McEachern was the owner of certain real estate situated in King County, upon which there was an outstanding mortgage held by John C. Brautigam, one of the appellants.   This mortgage was not paid when due, and suit was brought to foreclose it, and under a decree rendered therein the property was sold and bid in by said appellant, who thereafter obtained a sheriff's deed therefor.   Afterwards, he and his wife, the other appellant, for the consideration of $600, conveyed it by warranty deed to

one Nicholai, who went into possession under said deed. McEachern brought an action to set aside the decree in the foreclosure suit, the sheriff's deed to appellant John C. Brautigam, and the deed of said Brautigam and his wife to Nicholai, on the ground that the court which rendered the decree had no jurisdiction so to do. To this action the appellants and said Nicholai were made parties defendant and the sum of $525, the same being the amount of the mortgage debt with interest, was paid into court by McEachern. In said action it was adjudged that the decree of foreclosure was void for want of jurisdiction, that by reason of its invalidity the title of McEachern had not been divested by the sale of the property thereunder, and that by the payment into court the mortgage on the property was satisfied.

Pending this litigation the property was conveyed by Nicholai and wife to respondent. Upon the rendition of the decree setting aside the one rendered in the foreclosure proceeding, the $525 paid into court by McEachern was paid over to Nicholai, or his attorney, and by him received and transferred to the respondent.

The present action was brought to recover damages for a breach of the warranties in the deed from appellants to Nicholai, caused by failure of title upon the setting aside of the foreclosure proceedings. The appellants claimed in the court below, and claim here, that, when Nicholai and the respondent received the $525 paid into court by McEachern, they elected to waive their right of action upon the warranty growing out of the failure of title by reason of the decree in the action in which such money had been deposited. The superior court held to the contrary, and in so doing we think committed reversible error. It must be pre-

sumed that Nicholai claimed the money, or it would
not have been paid over to him, and that respondent
acquiesced in what was done by Nicholai and is bound
by his acts.    The only theory upon which Nicholai's
claim to the money could have been founded was that
by reason of appellant's deed of the premises to him
he had been subrogated to their rights.    But this
could have been so only by force of the covenants of
warranty in the deed.    Hence, the liability of appellants
upon these covenants was the ground upon which he
claimed and received the money.    And having availed
himself of the force of such covenants for that pur-
pose he is estopped from maintaining an action for
damages upon such covenants.    He could not make
use of the covenants in the deed to reach the money
in the registry of the court, and at the same ·time
maintain an action for their breach.    If no consid-
eration had been received by Nicholai for the money
paid appellants, so that without anything·being done
by him he could have maintained an action for money
had and received, it might be successfully contended
that his claim therefor would not be satisfied by the
receipt of a less amount than was due.    But the de-
livery of the deed with covenants of warranty and the
taking possession of the property thereunder was the
consideration for the money paid, and the only remedy
of the grantee in the deed, or those holding. under
him, was upon the covenants therein.    This being so,
he or they, after the breach of these covenants could
not make use of them to obtain valuable benefits and
thereafter maintain an action for damages for such
breach.    When they made such use of the covenants
they elected to waive any right of action on account of
the breach.

Some other questions have been raised in the briefs,

but it is not necessary that they should be considered.
The judgment will be reversed and the cause remanded with instructions to dismiss the action.

DUNBAR, SCOTT, ANDERS and GORDON, JJ., concur.