[No. 2029.   Decided December 14, 1896.]

THE SMITHSON LAND COMPANY, *Respondent*, v. JOHN C. BRAUTIGAM *et ux.*, *Appellants*.

CONVEYANCE OF MORTGAGED LANDS BY MORTGAGEE — WHEN OPERATES AS ASSIGNMENT OF MORTGAGE — SETTING ASIDE VOID FORECLOSURE — PARTIES.

A mortgagee, who becomes the purchaser of the mortgaged premises at a foreclosure sale, which is void for any reason, takes such constructive possession of unoccupied lands that his deed purporting to convey the legal title to such property will vest in his grantee the title to the mortgage and the debt secured thereby.

In an action to set aside foreclosure proceedings, a grantee of the purchaser at a void foreclosure sale is a necessary party, and money deposited in court by the plaintiff for the redemption of the land from the mortgage becomes the property of such grantee, upon a decree setting aside the foreclosure proceedings.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.   Affirmed.

Opinion on rehearing overruling same case reported in 14 Wash. 89, to which case reference is made for a statement of the facts.

*J. R.* and *R. M. Kinnear*, for appellants.
*Blaine & De Vries*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—In the opinion rendered upon the former hearing of this case (14 Wash. 89, 43 Pac. 1096), it was assumed that the money paid into court by the plaintiff, in the action brought to set aside the sheriff's deed to Brautigam and Brautigam's deed to Nicholai, became, by virtue of the decree entered therein, the property of Brautigam, the mortgagee.   Appellants contended that such was the effect of the decree in

that action, and their contention was not controverted by respondent. The claim that this money became the property of Nicholai by virtue of this decree was first called to our attention in respondent's petition for rehearing; and, that this question might be argued, a rehearing was ordered. Upon the determination of this question the rights of the parties depend.

If the money was the property of Nicholai, he, of course, waived no rights by receiving it. If it belonged to the Brautigams, Nicholai obtained no right thereto by virtue of his connection with the action, and must be held to have taken it by virtue of the covenants in his deed from Brautigam, and if he took the money by virtue of such covenants, it would be presumed that it was in full satisfaction, unless it appeared that there was an agreement that it should not be so taken. If the money was Nicholai's, it was by reason of the fact that the mortgage on account of which it was paid into court became his property by force of the deed from Brautigam. If the rights of Brautigam as mortgagee passed by this deed, the value of the mortgage must in equity be deducted from the damages for breach of the covenants in the deed, caused by the fact that the grantors had no title to the land. But this would not prevent the grantee from making use of such covenants to recover as damages the difference in value between the mortgage so conveyed and the land itself which the deed purported to convey. The value of the land, for the purposes of this action, was fixed by the deed at the sum of $600, and the measure of damages would be the difference between this sum and the amount due upon the mortgage. It follows that the merits of the appeal must depend upon the question as to whether or not the effect of the deed from the Brautigams to Nicholai was to as-

sign to the grantee in the deed the mortgage upon the premises sought to be conveyed.

The effect of a deed which purports to convey the legal title to the property therein described upon a mortgage upon said property held by the grantor in such deed has been often before the courts and the decisions upon the question cannot be harmonized. The greater number have held that such a deed will not convey the interest of the grantor in the mortgage, unless at the time the deed was executed he had taken possession of the mortgaged property for condition broken; that if he had taken such possession his interest in the mortgage would pass by the deed. In a few cases it has been held that the deed would amount to an assignment of the mortgage, even before there had been any breach of its conditions; but the weight of authority is to the contrary, and appellants in their answer to the petition for rehearing concede that, if they had taken possession of the land after the foreclosure sale, their interest in the mortgage would have passed by their deed. Does a purchaser in a proceeding to foreclose a mortgage take such constructive possession of unoccupied lands that, as between him and his grantee, he must be held to have been in possession thereof? It has been expressly held that a purchaser at such a sale, which was void for want of proper notice, became the assignee of the mortgage sought to be foreclosed, and that his deed, which purported to convey only the legal title to the property, would vest in the grantee named therein the title to the mortgage and the debt secured thereby. See *Robinson v. Ryan*, 25 N. Y. 320; *Smith v. Hitchcock*, 130 Mass. 570; *Jackson v. Bowen*, 7 Cow. 13.

The theory upon which these cases seem to have been decided was that the foreclosure proceedings,

though void, were equivalent to an entry upon the mortgaged property for breach of the conditions of the mortgage.    Except upon this theory, it is impossible to harmonize these cases with others in the same courts, of which no mention is made in the opinions. If a purchaser at a void sale, who had no interest in the mortgage excepting that derived from such sale, could by his deed convey it, much more could a purchaser who, in addition to the interest derived from such sale, had an interest as mortgagee.

It must follow that, under the undisputed facts shown by the record, the deed from the Brautigams to Nicholai, though by its terms conveying only the legal title in the land, had the effect of an assignment of the mortgage held by the grantors when the deed was made.    This being so, Nicholai was a necessary party to the action by McEachern to set aside the foreclosure proceedings, and the money, when deposited in court to redeem the land from the mortgage, was so deposited for the benefit of Nicholai, and, upon a decree setting aside the foreclosure proceedings, became his property.

There is another ground upon which it must be held that this money was the property of Nicholai, and that is that his grantors were not in a situation to claim that the mortgage did not pass by the deed.    If the foreclosure proceedings had been regular, the deed would have passed the legal title to the property free from the lien of the mortgage held by Brautigam, and he will not be allowed to claim any rights by reason of the insufficiency of the foreclosure proceedings set on foot by him and conducted in his interest.

The trial court correctly determined the law of the case, and its judgment will be affirmed.

SCOTT, ANDERS and GORDON, JJ., concur.