(94 N. W. Rep. 764.)

---

B. S. BRYNJOLFSON *v.* ANDREW OSTHUS, *et al.*

. Opinion filed May 5, 1903.

### Appointment of Receiver—Effect on Insolvent Corporation.

    1. The appointment of a receiver for an insolvent corporation has the legal effect of suspending its right to exercise its corporate functions, and thereafter the officers of such insolvent corporation are without authority to make valid transfers of the corporate assets.

### Property of Insolvent Corporation Passes to Receiver on His Appointment.

    2. Upon the appointment of a receiver for an insolvent corporation, the title and right of possession of its property pass by operation of law to the receiver, as an officer of the court, for the use and benefit of its creditors.

### Collateral Attack.

    3. An order appointing a receiver, made by a court having jurisdiction of the person and subject-matter, cannot be attacked collaterally.

**Promissory Note Prima Facie Evidence of Ownership Thereof.**

4. The introduction in evidence by plaintiff of a negotiable promissory note, properly indorsed, establishes prima facie his ownership thereof.

**Transfer of Note Carries Mortgage With It.**

5. In this state a transfer of a promissory note carries with it a mortgage securing it, and in an action to foreclose the mortgage the want of a formal written assignment of the mortgage will not defeat the foreclosure action.

**Acts of Officers of Defunct Corporation After Appointment of Receiver.**

6. In an action to foreclose a real estate mortgage securing a promissory note payable to the Bank of Minot, which said note was purchased by the plaintiff from the receiver of that corporation, and in which plaintiff's ownership of the note is placed in issue, it is *held* that the title of the note secured by said mortgage passed from said bank to the receiver upon his appointment, and, by a subsequent sale of the assets of the defunct corporation, to this plaintiff. *Held,* further, that a certain warranty deed of the land covered by the mortgage, executed by the president of the corporation before its insolvency, but delivered after its insolvency, did not operate as an equitable assignment of the mortgage, for the reason that, when the delivery of the deed occurred, the title to the note had already passed to the receiver, and for the further reason that at that time the president of the defunct bank had no authority to make such delivery.

Appeal from District Court, Ramsey County; *John F. Cowan,* J.

Action by B. S. Brynjolfson against Andrew Osthus and others. Judgment for plaintiff. Defendants appeal.

Affirmed.

*M. H. Brennan,* for appellant.

A sale under a void foreclosure of a mortgage, has the effect of assigning the mortgage to the purchaser at such sale, and a sale by him has also the effect of assigning the mortgage. *Salvage* v. *Haydock,* 44 Atl. 696, 68 N. H. 684; *Smithson Land Co.* v. *Brautigan,* 47 Pac. 434, 16 Wash. 174; *Anderson* v. *Minnesota Loan & Trust Co.,* 68 Minn. 491; 71 N. W. Rep. 665; *Stillman* v. *Rosenberg,* 78 N. W. Rep. 913; *Sawyer* v. *Baker,* 77 Ala. 461; *Johnson* v. *Sandhoff,* 14 N. W. Rep. 889, (Minn.); *Rogers* v. *Benton,* 38 N. W. Rep. 765. (Minn.); *Grosvenor* v. *Day,* 1st Clark Ch. 109 (N. Y.); *Hoffman* v. *Harrington,* 33 Mich. 392; *Slallings* v. *Thomas,* 18 S. W. Rep. 184 (Ark.)

The record of an unrecorded instrument, in the office of the register of deeds, is not evidence, when objected to, without proof first offered, that the instrument was not in possession of the party producing the record. Rev. Codes, 1899, section 5696; *Am. Mtg. Co. of Scotland* v. *Mouse River Live Stock Co. et al.,* 10 N. D. 290, 86 N. W. Rep. 965. The grantee in fee may deny that his grantor had any title. *Mitchell* v. *Chisholm,* 58 N. W. Rep. 873, (Minn.); *Wenzell* v. *Schultze,* 100 Cal. 250, 34 Pac. 696; *Roland* v. *Williams,* 23 Ore. 515, 32 Pac. 402. An instrument having no grantor, and nothing in the body thereof from which one can be inferred, is not effective as a conveyance. *Agricultural Bank of Miss.* v. *Rice,* 4 How. 225; *Batcheldor* v. *Brereton et al.,* 112 U. S. 396, 28 L. Ed. 748; *Allen* v. *Allen* (Minn.), 51 N. W. Rep. 470; Devlin on Deeds, section 196.

*Newman, Spalding & Stambaugh,* for respondent.

The note and mortgage in suit, were the property of the plaintiff, at the commencement of the action. Being the property of the insolvent corporation at the time of the appointment of a receiver, it passed to such receiver by virtue of such appointment, and the statute. Rev. Codes 1899, Sec. 5406; *Atty. Gen.* v. *Atlantic Mutual Ins. Co.,* 100 N. Y. 279, 3 N. E. Rep. 193; *Morgan* v. *R. R. Co.,* 10 Paige Ch. 290; *Atty. Gen.* v. *Ins. Co.,* 28 Hun. 360. Affirmed 93 N. Y. 630; Receivers of Corporations (Gluck & Becker) c. 1, section 5; *Osgood* v. *Maguire,* 61 N.Y. 524; High on Receivers, section 136. Upon the appointment and qualification of the successor of said receiver, the title in like manner passes to such successor. *Atty. Gen.* v. *Ins. Co.,* 28 Hun. 360 *supra.* The assignment of the note and mortgage from the receiver to the plaintiff was admissible in evidence without further proof. Ch. 145 of Laws of 1901. Exhibits 2, 3, 4, 5, and 6 are competent and admissible without further proof. Greenleaf on Ev. 501, 2, 3, and 7. State Bank of Minot was a proper party defendant on account of the imperfection of the assignment from it to Sherman of the note and mortgage in suit. *Holdridge* v. *Sweet,* 22 Ind. 118; Wiltsie on Mortgage Foreclosure, section 179. The making of the note and mortgage being admitted, their possession by plaintiff and production on the trial established the title in him. Abbott Trial Ev. 1. Ed. 389; *Chambers Co.* v. *Clews et al.,* 21 Wall. 317, 88 U. S. 17, 22 L. Ed. 517.

A judgment in a former action is conclusive only as to grounds covered by it. Bigelow on Estoppel, 122. Judgment in former action cannot be attacked collaterally. 1 Black on Judgments, sections

245, 246. Receiver of Corporation, Sec. 8. Nor can it be attacked on the ground that it was collusive and fraudulent, no fraud or collusion being pleaded. 1 Black on Judgments, Sec. 295.

YOUNG, C. J. This is an action to foreclose a mortgage upon 160 acres of land situated in Ramsey county. The mortgage was executed and delivered by Andrew Osthus to the Bank of Minot on January 25, 1888, and was given to secure his promissory note for $997, of even date therewith, payable to said bank, which said note, by its terms, became due on January 25, 1893. The plaintiff rests his claim of ownership of the note upon a purchase of all the assets of the Bank of Minot from the receiver. The complaint, in addition to the usual averments of a foreclosure complaint, avers that "the defendants, Andrew Osthus, Bank of Minot, A. B. Guptill as receiver of the Bank of Minot, Edgar Anderson, T. A. Luros, Hannah Luros, Ernest Anderson, Lorina Anderson and F. C. Sherman, have, or claim to have, some interest in or lien upon said mortgaged premises, or some part thereof, which interest or lien is subsequent and inferior to the interest or lien of plaintiff's said mortgage." The Bank of Minot, the original mortgagee, and F. C. Sherman, who appears to have owned the note in suit at one time, did not answer. It is alleged in the complaint, and admitted by the answers filed by the five contesting defendants, that no part of the principal or interest secured by the mortgage has been paid. The execution and delivery of the note and mortgage are also admitted. The contesting defendants deny that the plaintiff is the owner of the note, and claim that the title thereof, and of the mortgage securing it, passed from the Bank of Minot to Eliza V. Hoffman, and from her to the defendants, Annie Anderson and Hannah Luros, through an equitable assignment. The trial court gave judgment in favor of plaintiff, as prayed for in his complaint. The five contesting defendants, above named, have appealed from the judgment, and demand a trial *de novo* in this court.

With the exceptions to be hereafter noted, the facts upon which the case turns are not in dispute, and may be stated as follows: On January 25, 1888, Andrew Osthus, who was then the owner of the land in question, gave the mortgage in suit to the Bank of Minot, and the same was duly recorded in Book I, page 12, of Mortgage Records of Ramsey county. On November 8, 1888, the Bank of Minot transferred the note to F. C. Sherman, and at the same time executed and delivered to him a purported assignment of the mort-

.gage, in which no assignor was named. On February 8, 1892, the .said F. C. Sherman transferred the note back to the Bank of Minot, .and executed and delivered to it a purported assignment, in which the mortgage attempted to be assigned was described as being re-·corded in Book K of Mortgages, p. 276, 277, instead of in Book I. .at page 12. Thereafter the Bank of Minot attempted to foreclose the mortgage, under the power of sale contained therein, by advertise-ment; and at the sale on the 25th day of April, 1892, the land was ·struck off to said bank, and a sheriff's certificate issued to it, and on September 18, 1894, a sheriff's deed was issued on said sale to said bank. Subequent to the sale, and prior to the issuance of the sher-iff's deed, towit, on June 7, 1893 the Bank of Minot became insol-vent; and on the last named date R. S. Lewis was appointed receiver thereof by the district court of Cass county in an action pending in that court. In December of that year, Lewis was succeeded by A. B. Guptill, as receiver. In February, 1898, the district court of Cass ·county made an order authorizing the sale of the assets of the said insolvent bank, and on the 14th of that month all of the assets were sold to the plaintiff, and thereafter the sale was confirméd by the court. In September, 1898, the plaintiff in this action instituted an ·action in the district court of Ramsey county to recover the possession ·of the land covered by the mortgage, alleging that he was the owner thereof; resting his claim of title and right of possession upon a warranty deed executed and delivered to him by A. B. Guptill, the receiver. In that action Edgar Anderson, T. A. Luros, Hannah Lur-·os and Annie Anderson, who are, with the exception of Andrew ·Osthus, the sole contesting defendants in this action, were made de-·fendants. The trial court held that the foreclosure of the mortgage by the Bank of Minot was invalid, as well as the sheriff's certificate and sheriff's deed issued on said foreclosure sale, and that consequent-ly the receiver of said bank had no title to the land to convey, and ·entered judgment dismissing the plaintiff's action. So far, there-fore, as the four defendants who were parties to that action are con-cerned, the invalidity of that foreclosure is *res judicata,* and the mort-gage must be held, as to them, to have had the status of an unfore-closed mortgage at the date when the Bank of Minot became insol-·vent and the receiver was appointed.

It is plaintiff's contention that the title and the right of possession ·of this note passed to the receiver from the bank upon his appoint-:ment, and that through the subsequent sale by the receiver to him he

became the owner thereof. The defendant's contention is that the note and mortgage were not owned by the bank at the date of its insolvency, but that said bank, through its president, had transferred the same to Eliza V. Hoffman, prior to the appointment of the receiver, and that thereafter the said Eliza V. Hoffman transferred the same to the defendants Annie Anderson and Hannah Luros. This contention of defendants rests upon the following facts: On April 22, 1893, which was prior to the appointment of a receiver, the bank of Minot, through its president, E. A. Mears, executed a warranty deed of the land in question, with the name of the grantee in blank. The evidence discloses that this deed thereafter came into the possession of Eliza V. Hoffman; that in 1897 she executed and delivered a quitclaim deed of the premises to the defendants Annie Anderson and Hannah Luros, for a consideration of $25, and at the same time the deed from the Bank of Minot, which had for some time prior thereto been in her possession, was also delivered to the defendants, and the name of Eliza V. Hoffman was inserted as grantee, and both deeds were placed of record.

It is undoubtedly true, as counsel for defendants contends, that a sale under a void foreclosure of a real estate mortgage has the effect of assigning the mortgage attempted to be foreclosed to the purchaser at the foreclosure sale. *Salvage* v. *Haydock,* 68 N. H. 484, 44 Atl. 696; *Smithson Land Co.* v. *Brautigan,* 16 Wash. 174, 47 Pac. 434; *Anderson* v. *Minnesota Loan & Trust Co.,* 68 Minn. 491, 71 N. W. 665; *Stillman* v. *Rosenberg* (Iowa), 78 N. W. 913; *Sawyers* v. *Baker,* 77 Ala. 461; *Johnson* v. *Sandhoff* (Minn.), 14 N. W. 889; *Rogers* v. *Benton* (Minn.), 38 N. W. 765; *Grosvenor* v. *Day,* 1 Clarke, Ch. 109; *Hoffman* v. *Harrington,* 33 Mich. 392; *Gilbert* v. *Cooley,* Walk. Ch. (Mich.) 494; *Stallings* v. *Thomas* (Ark.) 18 S. W. 184. It is also true that the execution and delivery of a deed by the purchaser at the void foreclosure sale to a third person, according to a number of cases, has the effect of assigning the mortgage to the grantee. Whether the doctrine goes further, and sustains the view that all subsequent grantees acquire the ownership of the mortgage successively by virtue of their deeds—and that is this case—we need not discuss or determine. In this case it is entirely clear, we think, that Eliza V. Hoffman never was the owner of the note and mortgage in suit, by virtue of an equitable assignment, purchase or otherwise. If she was not, then, of course her deed to the defendants could not, in any event, operate as an equitable assignment of

the note and mortgage. That she did not own the note and mortgage and that she never acquired them under the alleged deed from the Bank of Minot, is, we think, entirely clear. The entire contention that they passed to her is based upon the fact that E. A. Mears, as president of the Bank of Minot, on April 22, 1893, which was before the appointment of a receiver, and at a time when the officers of the bank had control of its assets, and when it still had the right to exercise its corporate functions, executed the warranty deed which was delivered to the defendants in 1897, and in which the name of Eliza V. Hoffman was then inserted as grantee. We have no hesitation in concluding, under the undisputed evidence in this case, that this deed never became operative for any purpose whatever, for the reason that it was not delivered by the grantor, the Bank of Minot, and therefore did not become effective. The only evidence as to the delivery of the deed is given by Eliza V. Hoffman, the alleged grantee. Her testimony is to the effect that the Mortgage Bank and Investment Company, a corporation operated by E. A. Mears, owed her the sum of $400. Prior to the insolvency of the Bank of Minot, W. B. Mears, who was connected with that corporation, delivered to her a number of crop contracts to secure said indebtedness. Her testimony is that this deed was not among the papers so delivered, and that it was not delivered to her prior to the appointment of the receiver; that, after the appointment of the receiver, E. A. Mears delivered to her a bundle of papers, which she deposited in the bank for safe-keeping; that this deed might have been among these papers. Her first positive knowledge that it was in her possession was in 1897, which was four years subsequent to the appointment of a receiver. Her testimony is positive that she did not receive it prior to the receivership. It should require no argument to show that the delivery of the deed to her by E. A. Mears subsequent to the appointment of a receiver was of no effect. The Bank of Minot, the grantor, was then in the hands of a receiver, and its officers were stripped of authority to make a delivery, and not only did the appointment of a receiver deprive the officers of the bank of the power to do any further acts which would affect the corporation or its property, but it had the further effect of transferring the title and right of possession of all the property of the bank to the receiver. The appointment of a receiver of an insolvent corporation operates as a suspension of its corporate functions, and of all authority over its property and effects. High on Receivers (3rd Ed.) section 290; *Linville* v. *Had-*

*den* (Md.) 41 Atl. 1097, 43 L. R. A. 222. Further, the title and right of possession of all property of the insolvent corporation, both real and personal, passed to the receiver, as the officer of the court appointing him, for the use and benefit of the creditors of the insolvent. Section 5406, Rev. Codes; *Atty. Gen.* v. *Ins. Co.,* 100 N. Y. 279, 3 N. E. 193; *Morgan* v *R. Co.,* 10 Paige, 290, 40 Am. Dec. 244; *Atty. Gen.* v. *Ins. Co.,* 28 Hun. 360, affirmed in 93 N. Y. 630; Receivers of Corporations (Gluck & Becker) c. 1, Section 5; *Osgood* v. *Maguire,* 61 N. Y. 624; High on Receivers, section 136. It follows from what we have said that the note and mortgage, which the evidence shows were owned by the Bank of Minot, were not transferred to Eliza V. Hoffman by the Mears deed, but that they in fact passed by operation of law to the receiver, Lewis, and that plaintiff became, and now is, the owner thereof, under his purchase from Guptill, Lewis' successor in the receivership.

The defendants also urge in this court that the plaintiff has not established the assignment of the mortgage to him by the receiver by competent proof. The original assignment was not introduced in evidence. The plaintiff relied entirely upon the record of the assignment, which was introduced over defendants' objection that it was not the best evidence, and that no foundation had been laid for its introduction. Whether secondary evidence was admissible, under chapter 145, p. 189, Laws 1901, we need not determine. The plaintiff established by competent evidence the purchase of all the assets of the bank from the receiver, and the approval of the sale by the court, and, as we have seen, this note constituted a part of the assets. The note was delivered by the plaintiff to his attorneys in 1899, and was offered in evidence by them. F. C. Sherman, who at one time owned the note, was made defendant, and made default; and this is true also of the Bank of Minot, the original payee. Its possession and production in evidence was *prima facie* evidence of the plaintiff's title and ownership. Section 812, Daniel on Neg. Instruments, and cases cited. No evidence whatever was offered to overcome this *prima facie* showing. It was entirely unnecessary to prove a formal written assignment of the mortgage. Plaintiff was entitled to maintain the present foreclosure action, even without a formal written assignment. The mortgage was merely an incident of the debt, and followed it. The rule stated by Wiltsie on Mortgage Foreclosure, at section 347, is that "in those states where the transfer of a note carries with it the security collateral thereto, in an action by

an assignee to foreclose the mortgage securing a note transferred to him, the defendant cannot set up as a defense the want of a formal assignment of the mortgage." *Jackson* v. *Blodget,* 5 Cow. 202, 205; *Jackson* v. *Willard,* 4 Johns, 41, 43; *Rice* v. *Cribb,* 12 Wis. 179.

It was suggested by defendant's counsel on oral argument that inasmuch as the defendant Andrew Osthus was not a party to the former action, in which the foreclosure by the Bank of Minot was adjudged void, he is not bound by that judgment, and that he can therefore insist in this action that the former foreclosure was valid, and that the note secured by this mortgage was in fact paid by that foreclosure. It must be admitted that the defendant is not concluded by that judgment, and that this defense was available to him, had he elected to interpose it. He has not done so, however. It is not pleaded. Neither has the defendant Osthus brought into the record any evidence from which we could, even if this defense were pleaded, judicially determine that the former foreclosure was valid. The pleadings do not present this issue. The complaint alleges that the former foreclosure sale was adjudged void. Osthus' answer specifically admits this allegation, and nowhere in his answer does he allege that the debt secured by the mortgage in suit was discharged by payment, foreclosure or otherwise. On the contrary, he rests his defense upon a denial of plaintiff's ownership of the note. There is therefore no foundation either in the pleadings or in the evidence upon which to rest defendants' contention that the former foreclosure was in fact valid and satisfied the note in suit.

The defendants also attack the plaintiff's ownership of the note, by claiming that the entire receivership proceedings through which the plaintiff obtained title to the note were void for the reason, as they allege, that the action wherein the receiver was appointed was collusive. This question is not before us. The jurisdiction of the court which appointed the receiver to make the appointment and to order and confirm the sale of the assets is not, and cannot be, challenged. The court had jurisdiction of the persons and the subject-matter, and the validity of its orders in the receivership proceedings, including the order appointing the receiver, authorizing the sale of the assets, and approval of the same, cannot be attacked in this collateral way. High on Rec. section 39a; 1 Black on Judg. sections 245-246, and cases cited.

The defendants T. A. Luros and Edgar Anderson also relied in the district court upon a tax deed issued to them by the county audi-

tor of Ramsey county on July 13, 1894. This deed was held void by the trial court, and the appellants do not contend in this court that the trial court erred in this particular, so that it need not be further referred to.

For the reasons stated, we have reached the conclusion that the judgment rendered and entered by the district court should in all things be affirmed, and it is so ordered. All concur.