[No. 4999.   Decided February 25, 1905.]

INVESTMENT SECURITIES COMPANY, *Appellant,* v. PHOEBE D. ADAMS *et al., Respondents.*[1]

MORTGAGES—LIMITATION OF ACTIONS—MORTGAGEE IN POSSESSION. The statute of limitations does not run against the right of foreclosure as against a mortgagee in possession.

SAME—POSSESSION UNDER A VOID FORECLOSURE—PURCHASER AS ASSIGNEE. A mortgagee, who after default takes possession in good faith under a void foreclosure, holds as a mortgagee in possession regardless of the consent of the mortgagor, and a purchaser at such a void sale becomes the assignee of the mortgage.

SAME—VOID FORECLOSURE—RELIEF AGAINST MISTAKE—VACATING VOID DECREE—BRINGING IN NEW PARTIES. Where children of a deceased mortgagor were not made parties to the foreclosure

1Reported in 79 Pac. 625.

37  211
37  351
37  211
41  529

37  211
f42  461

action because unknown to the plaintiff, who in good faith took possession supposing that the full title was conveyed by the foreclosure sale, the mistake calls for equitable relief, and the proper course is to vacate the decree, allow the plaintiff to file an amended petition, and foreclose against the interest of the children.

SAME—EQUITY—ACCOUNTING—PAYMENT OF MORTGAGE DEBT. Where a void foreclosure decree is vacated at the instance of the plaintiff in order to bring in, as necessary parties, the children of a deceased mortgagor, who own a half interest in the property, the children are not entitled to plead the bar of the statute while the mortgagee was in possession, or to an equitable accounting for rents and profits, until they first do equity by paying the mortgage debt.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered July 1, 1903, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, denying plaintiff's right to foreclose a mortgage as to an undivided half interest in the property. Reversed.

*Hamblen, Lund & Gilbert,* for appellant.

*Hartson & Holloway,* for respondents, to the point that, to constitute one a mortgagee in possession, there must be consent by the mortgagor, cited: *Rogers v. Benton,* 39 Minn. 39, 38 N. W. 765, 12 Am. St. 613; *Brundage v. Home Sav. etc. Asso.,* 11 Wash. 277, 39 Pac. 666; *State ex rel. Montgomery v. Superior Court,* 21 Wash. 564, 58 Pac. 1065; *Norfor v. Busby,* 19 Wash. 450, 53 Pac. 715; *DeLashmutt v. Sellwood,* 10 Ore. 319; *McClory v. Ricks,* 11 N. D. 38, 88 N. W. 1042; *Bowen v. Brogan,* 119 Mich. 218, 77 N. W. 942, 75 Am. St. 387.

HADLEY, J.—In 1890 one James M. Adams and Phoebe D. Adams, his wife, executed their promissory notes, and mortgage securing the same, to the Jarvis-Conklin Mortgage Trust Company. Said James M. Adams afterwards died, and Phoebe D. Adams, his widow, became the ad-

ministratrix of his estate. The said mortgagee also assigned the mortgage to the Investment Securities Company, and, upon default in payment, the latter brought this suit, in 1897, to foreclose the mortgage. Phoebe D. Adams, in her own right and also as administratrix, was made a party defendant. Decree of foreclosure was entered, and the property mortgaged was ordered sold to satisfy the judgment. At sheriff's sale, in pursuance of such order, the said plaintiff bid in the property, and the sale was thereafter duly confirmed; whereupon the plaintiff entered into possession of the mortgaged premises. This was followed by a deed from the sheriff to the North American Trust Company, the assignee and successor in interest of the plaintiff, who also entered into possession, and has since retained, and now holds, peaceable possession of the premises.

The mortgaged land was the community property of the said Phoebe D. Adams and of her said deceased husband. The husband died intestate, and left surviving him, as his heirs at law, Harry M. Adams, a son, and Edith D. Adams and Lelah M. Adams, daughters, all children of the deceased and of his said wife Phoebe D. Adams. Said children were not made parties to the foreclosure suit. The foreclosure and sale occurred in 1897, and possession of the premises continued, as aforesaid, until 1902, when the said plaintiff, joined by its said assignee, filed a petition in the foreclosure cause, asking that the decree theretofore rendered be set aside, and all proceedings cancelled; also, asking leave to file an amended complaint, joining the said children of the mortgagors as parties defendant.

The petition alleges that, at the time of bringing the suit in 1897, the plaintiff was not aware of the existence of said children, and believed that said Phoebe D. Adams was the sole heir of the deceased, James M. Adams; that, when it purchased the property at sheriff's sale, the plain-

tiff believed that it would receive the whole of the premises, and the bid was made upon that assumption; that the said North American Trust Company believed the same, when it accepted the assignment of the certificate of sale from the plaintiff, and when it afterwards accepted the sheriff's deed; that the petitioners first obtained knowledge of the existence of said children in June, 1902, and that they immediately employed counsel to prepare and file their petition for relief as aforesaid.

On the written stipulation of counsel for the petitioners, and also for Phoebe D. Adams, the said petition was granted. Such an amended complaint was thereafter filed, alleging substantially the above facts; also, showing the amount of rents collected and taxes and expenses paid during the period of possession held by the said plaintiff and its assignee. The said children of the mortgagors answered the amended complaint, and alleged, that, ever since the death of their father, they have been the owners in fee simple, and entitled to the possession, of an undivided half interest in said mortgaged land; that the plaintiff entered into possession without right, and without consent of said defendants, has collected the rents and profits, and has failed to account therefor. Prayer is made for an accounting as to one-half the rents and profits, and also for a decree that said defendants are the owners of an undivided half of said land, free and clear of any claim of plaintiff, and also declaring that the plaintiff's cause of action, as set forth in the amended complaint, is barred as to said defendants.

The cause was tried under the amended complaint and answer thereto, and resulted in a decree of foreclosure, as against Phoebe D. Adams and an undivided half of the mortgaged land, but sustaining the contention of the defendants, the children of the mortgagors, and awarding to them the ownership of the other undivided half of the .

property, free from any claim of plaintiff. From such decree the plaintiff has appealed.

It is the position of respondents that, at the time of the entry of the decree against Phoebe D. Adams, and until the execution sale of her interest, she and respondents were tenants in common; that the decree of foreclosure as to the interest of Mrs. Adams was valid, and that, when appellant acquired her title, it was as much entitled to the possession as were the respondents; that, being a tenant in common with respondents, and occupying the real estate, did not prevent the running of the statute of limitations against the mortgage upon respondents' interest. Such must also have been the view of the trial court. Appellant, upon the other hand, contends that it became a mortgagee in possession, after the sale under the former decree, and that the statute did not run for that reason.

It is well settled that the statute of limitations does not run against the mortgage debt, when the mortgagee is in possession as such. *Spect v. Spect,* 88 Cal. 437, 26 Pac. 203, 22 Am. St. 314, 13 L. R. A. 137; *Den v. Wright,* 2 Halsted 175, 11 Am. Dec. 546. The real question here is, was appellant a mortgagee in possession? Much has been said by the authorities as to what is necessary to constitute one a mortgagee in possession. It has been often held that the consent or agreement of the mortgagor is necessary, before a mortgagee can take and hold possession as such. But it has also been held that such assent or agreement may be implied from conduct or circumstances. *Rogers v. Benton,* 39 Minn. 39, 38 N. W. 765, 12 Am. St. 613. To the same effect is *Jellison v. Halloran,* 44 Minn. 199, 46 N. W. 332. Later the same court squarely held that, after a default in a mortgage, when the mortgagee, in apparent good faith, makes a void foreclosure, and takes possession under cover of such proceedings, he is a mortgagee in possession, and is entitled to all the rights of such,

whether he takes possession with or without the consent, either express or implied, of the mortgagor. *Backus v. Burke,* 63 Minn. 272, 65 N. W. 459. The same was held in *Cooke v. Cooper,* 18 Ore. 142, 22 Pac. 945, 17 Am. St. 709, 7 L. R. A. 273. The latter decision, after citing a number of New York cases, concluded its argument upon the subject as follows:

"It results, therefore, that while a mortgagee is not permitted to maintain a possessory action to recover the mortgaged premises by reason of the default of the mortgagor, still, if he can make a peaceable entry upon the mortgaged premises after condition broken, he may do so, and may maintain such possession against the mortgagor and every person claiming under him subsequent to the mortgage, subject to be defeated only by the payment of his debt. This view of the law in no manner interferes with the just rights of the mortgagor, and at the same time it does not sacrifice the interest of the mortgagee to the merest technicalities of the law, which have sometimes been permitted to prevail, and the mortgagee turned out of possession stripped both of the property and his mortgage debt as well."

The rule thus followed in the above cases seems to be in harmony with just principles. It is based upon the principle that, as the mortgagor asks relief in equity, he must first do equity; that is to say, pay the debt. No claim is made that the debt was ever paid in the case at bar. Upon what equitable principle can respondents ask relief, until they have paid the debt? They became owners of the land subject to the mortgage lien, and inasmuch as the mortgagee, in good faith, took and holds possession under an attempted foreclosure, after condition broken, we think he should be held to be a mortgagee in possession, and entitled to receive equitable treatment from respondents. Such holding is sustained by the authorities cited above, and since they seem eminently reasonable and just, we shall follow them.

The purchaser at a mortgage sale, which is void for any reason, becomes the assignee of the mortgage, and the debt secured thereby. *Smithson Land Co. v. Brautigan,* 16 Wash. 174, 47 Pac. 434; *Bryan v. Brasius,* 162 U. S. 415, 16 Sup. Ct. 803, 40 L. Ed. 1022. It follows that, when appellant purchased at the sheriff's sale, its ownership of the mortgage still continued, and the lien was unextinguished. In such case, where a mistake has been made, this court intimated, at the conclusion of the opinion in *Anrud v. Scandinavian-American Bank,* 27 Wash. 16, 67 Pac. 364, that equity will grant relief. That a mistake was made in the case at bar is manifest. The court found that, at the time this action was commenced, the appellant was not aware of the existence of respondents, as heirs of the deceased mortgagor, and that they were, therefore, not made defendants. It was further found that appellant and its successors in interest proceeded in good faith, relying upon the belief that the foreclosure proceedings carried the whole premises. There must be relief in equity from such a mistake. Relief was sought as soon as the facts constituting the mistake were discovered. The course pursued, as we have seen, was by petition in the foreclosure case for vacation of the former proceedings, and for leave to file an amended complaint, making the heirs parties. The course pursued is supported by the following: *Goodenow v. Ewer,* 16 Cal. 461, 76 Am. Dec. 540; *Boggs v. Fowler & Hargrave,* 16 Cal. 559, 76 Am. Dec. 561; *Burton v. Lies,* 21 Cal. 88.

The foreclosure should, therefore, proceed under the amended complaint. Inasmuch as the appellant is a mortgagee in possession, such possession having been held since 1897, the statute has not been running against the mortgage meanwhile, and the action is not barred as to respondents' interest. The decree of foreclosure should cover the whole of the mortgaged premises.

The cause is remanded, with instructions to modify the decree, and proceed in accordance herewith.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur. RUDKIN, ROOT, and CROW, JJ., took no part.