## Oyer v. Coble

294

*Lawrence C. Zeger*, for claimant.
*George S. Black*, for owner.

WINGERD, P. J., March 10, 1950.—On July 20, 1948, claimant filed in the Court of Common Pleas of Franklin County, a mechanic's lien against the owner. On July 23, 1948, claimant caused to be filed proof of service of notice of the filing of the claim. On December 21, 1948, the owner filed his petition to strike off the claim on the ground that it fails adequately to describe the building against which the lien is filed; that it also fails to adequately set forth the locality of the structure; that it alleges that claimant's contract was completed more than three months prior to the time of the filing of the claim and that the claim is for alterations and repairs; that the notice of the filing of the claim was defective in that it failed to set forth in the body of the notice the court in which the lien was filed and to what term and number or volume and page it was entered; and that the proof of service of such

notice was defective as it fails to show that it was served in one of the methods allowed by the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended. A rule was issued pursuant to the petition and an answer filed. An examiner was appointed to take testimony, hearings were held and the examiner's report filed with the court.

The question, concerning which the examiner took testimony, was whether or not the work done and material furnished constituted a new erection or alterations and repairs. Since the taking of this evidence the owner seems to have abandoned the third reason given in his petition to strike off. The matter now before the court is whether or not the building involved and its locality are adequately described in the claim, and whether or not the notice of filing the claim is sufficient under section 21 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended by the Act of April 5, 1917, P. L. 42, sec. 1, 49 PS §131 and whether or not it was served in a manner allowed by such section.

The Mechanic's Lien Act of June 4, 1901, P. L. 431, sec. 11, 49 PS §53, provides that the claim shall set forth: "3. The locality of the structure or other improvement, with such description thereof as may be necessary for the purpose of identification, and a description of the real estate upon which the same is situate."

In the present case the claim definitely gives notice that the structure involved is a barn and then, after stating that the land on which it is situated is located in Montgomery Township, Franklin County, Pa., gives a full and complete description by metes and bounds of the real estate, refers to "the public road leading from Greencastle to Clayhill", mentions the names of abutting owners and refers to the deed by which the owner obtained title to it. This seems clearly sufficient to comply with the Mechanic's Lien Act. It certainly

gives all the notice to the owner that is necessary for him to know for what construction the mechanic's lien is filed and to all parties who might be interested in lending money to be secured by the real estate or purchasing the real estate, on which the structure involved is located, full notice of the land affected by the lien. We can see no real merit in these two reasons to strike off the claim. It is true the claim might have been more definite in the description of the building, but we feel that the act has been complied with in respect to the matter here considered.

As to the objections relating to the notice of the filing of the claim and to the service thereof we find real difficulty. The Mechanic's Lien Act of June 4, 1901, as amended in section 21, 49 PS §131 thereof provides:

"Within one month after the filing of the claim, the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court, term and number, and the date of filing thereof; and shall file of record in said proceedings an affidavit setting forth the fact and manner of such service. Service of the notice may be accepted by the owner's attorney; or the claimant, his agent or attorney, may serve the notice upon the owner in any of the methods now provided for by law in the case of a summons; or, if for any cause service by any of the aforesaid methods cannot be had, then by posting the notice upon the property described in the claim and by mailing a copy thereof to the owner at his last known residence. A failure to serve such notice or post it, or have service accepted as herein provided, and to file an affidavit thereof within the time specified, shall be sufficient ground for striking off the claim."

It will be noticed that this section very definitely states that a failure to serve such notice, etc., "shall be sufficient ground for striking off the claim". The section is very definite and specific. It is not within

our province to say whether or not some of the provisions as to the contents of the notice seem unreasonable or unnecessary. The legislature has spoken and we are bound by the provisions of the statute. It clearly states that the notice shall set forth three things: (1) The fact of the filing of the claim; (2) the court, term and number to which it is filed, and (3) the date of its filing. The notice given in the instant case is as follows:

"W. R. Oyer, Claimant   : In the Court of Common Pleas of
        vs.           : Franklin County, Pennsylvania
Llewellyn T. Coble,    : Mechanics' Lien Docket
         Owner  : Vol.        Page

"NOTICE OF FILING A CLAIM

"To Mr. Llewellyn T. Coble
Montgomery Township
Franklin County, Pennsylvania
"Dear Mr. Coble:

"You are hereby notified that on the *20th* day of July, 1946, to the above entitled case, docket number, a mechanic's lien was filed against you pursuant to the Notice of Intention to File a Claim, heretofore served upon you.

"/s/ W. R. Oyer."

The notice in this case gives the date of the filing of the claim, and although it does not state the court and term and number in which it is filed in the body of the notice, strictly in compliance with the Mechanic's Lien Act, nevertheless, it does refer to the case heading and it is only reasonable to consider such reference as if the court in which the claim was filed was set forth in the body of the notice, however, nowhere does it state the term and number to which it is filed. The fact is that, in Franklin County, mechanics' liens are not docketed to term and number but are entered in a special docket, marked "Mechanics Lien Docket", and identified by the number of the volume of that docket in which it is filed and the page to which it is entered. The volume and page clearly are analogous to the term and number of those matters entered in the regular appearance docket. It follows that, if it is necessary to

comply with the act to set forth the term and number where mechanics' liens are entered on the general appearance docket, it is also necessary to set forth the volume and page where they are entered in a special docket reserved for mechanics' liens, which consists of a number of volumes, especially as the practice has been in this county to mark all papers filed in connection with a mechanics' lien with the volume and page to which the mechanic's lien has been entered and not to the particular pages in the volume on which the different papers are either noted or recorded. To this court the volume and page of a mechanic's lien are, in effect, the same as the term and number of other proceedings entered in the general appearance docket and as the volume and page of cases in equity which are entered in the equity docket. Of course it can be argued that any person should know that if the mechanic's lien was entered in the mechanics' lien docket, there would be no trouble in finding it without the volume and page, for, in all probability, very few mechanics' liens would be entered within a 30-day period and even then by looking at the index of the last volume of mechanics' liens any person could readily find the lien referred to in the notice. This same argument can be made with reference to cases entered to term and number because it could be easily determined to what term the matter was entered by knowing the day on which it was entered, and then by looking in the index of the appearance docket for that term, it could easily be found without being indicated by term and number. All this is very true from a practical standpoint, but we are dealing with a mandatory provision of an act of assembly which is class legislation and therefore must be strictly construed.

In O'Kane v. Murray, 252 Pa. 60, 68, the court says, in speaking of section 21 of the Mechanic's Lien Act of June 4, 1901:

"The manifest importance of the provision clearly shows that the legislature intended it should be mandatory, and the failure to comply with it should invalidate the lien. The right to file a mechanic's lien, as has been uniformly held by all the courts, is of statutory origin. No such right existed at common law. It is class legislation and, therefore, must be strictly construed. If a party desires to avail himself of it, he must comply strictly with the provisions of the statute conferring the right. Nothing is presumed in favor of the lien: *Schively v. Radell*, 227 Pa. 434, 443. When the act of assembly directs specifically that a particular thing shall be done in order to establish a claim, substantial conformity will not answer; there must be a compliance with the requirement: *Westmoreland Guarantee Bldg. & Loan Assn. v. Connor*, 216 Pa. 543, 549. The notice directed to be given by this section of the statute is equally as important as the notice of an intention to file the lien required by Section 8 of the act, and in the recent case of *Merritt v. Poli*, 231 Pa. 611, 617, we held that 'service of this notice must be made in the manner prescribed by the statute, and failure to do so defeats the right to recover upon the claim filed'."

It will be noticed that section 21 of the Mechanic's Lien Act, as amended by the Act of April 5, 1917, P. L. 42, sec. 21, 49 PS §131, in the last sentence thereof states: "failure to serve such notice . . . shall be sufficient ground for striking off the claim". The words "such notice" mean a notice containing the matters therein set forth.

There is no valid mechanic's lien until the notice provided for by section 21 of the Mechanic's Lien Act of June 4, 1901, as amended (supra) has been served and filed, and it is necessary that the notice contain the matters provided for in the act, substantial compliance is not sufficient: *Schively v. Radell*, 227 Pa.

434, 443; Kearns v. Vance Engineering Co., 14 Wash. 89. In Nagle v. Lehigh Saengerbund, 14 Dist. R. 472, it is said in referring to section 21, supra, "The act contemplates the service of a notice giving the court, term and number and date of filing thereof".

In Thompson v. Radell, 42 Pa. Superior Court 105, 106, it is said:

"We have naught to do with the wisdom of the requirement of the twenty-first section of the Act of June 4, 1901, P. L. 431, that the Claimant shall within one month after filing of the claim file of record in the proceedings an affidavit setting forth the fact and manner of service of notice upon the owner of the filing of the claim. The legislature deemed it a wise requirement, and that ought to be conclusive of the question of the necessity of complying with it. And even if the question of the reasonableness of the provision were open to discussion, valid reasons could be given in support of it.

"There is nothing in the nature of the provision, or in the context, to indicate that it is less imperative than the provision as to giving notice. If, as the appellants' counsel contends, it was intended by the legislature that to justify the court in striking off the claim both notice and affidavit must be lacking, it is reasonable to suppose that the words 'and file an affidavit' would have been omitted from the last clause of the section. The natural and reasonable construction of the whole section is that compliance with both requirements is essential in order to prevent the striking off of the claim."

As much as it may seem a hardship on plaintiff, nevertheless, when he elected to avail himself of the special rights given by the Mechanic's Lien Act of June 4, 1901, supra, he was bound to comply strictly with the requirements thereof, and as he has failed to do this in respect to the contents of the notice required by section 21 of that act, the lien of the mechanic's

claim filed is not consummated, and there is no valid lien: Kearns v. Vance Engineering Co., 14 Wash. 89, 93. The claim filed in the instant case has never become and cannot become a lien for a prerequisite to its consummation as such is lacking and it must be stricken off.

Defendant also contends that the return of service of the notice is insufficient and shows no proper service under the provision of section 21 of the Mechanic's Lien Act of June 4, 1901, as amended, supra. It is true that the return of service is not very well drawn and fails to specifically state just what was served, but to us its meaning is clear and the only reasonable interpretation is that the copy of the notice was handed to the person therein referred to. The amendment of 1917 to section 21 of the Mechanic's Lien Act of June 4, 1901, 49 PS §131, provides that the notice may be served "upon the owner in any of the methods now provided for by law in the case of a summons". At the time of the enactment of the amendment of 1917 to section 21 of the Mechanic's Lien Act of June 4, 1901, a summons could properly be served on an adult member of defendant's family at defendant's dwelling house: Act of July 9, 1901, P. L. 614, sec. 1, cl. 1, 12 PS §291. The person on whom service was actually made is described as an adult member of the household of plaintiff, and that such service was made at the residence of plaintiff. A "family" is a collective body of persons who live in one house and under one head or manager: Policemen's Benev. Assn. of Chicago v. Hill, 257 Ill. App. 138. "In common parlance, the 'family' consists of those who live under the same roof with the pater familias—those who form his fireside: *Fratellanza Italiana v. Nugnes*, N. J. Ch., 168 A. 589, 590." "The words 'family' and 'household' are often interchangeably used. A family is a collective body of persons living in one house and under one manager. It consists of those who live with the pater familias: *Vaughn v.*

*American Alliance Ins. Co. of New York*, 27 P. 2d 212."
Words and Phrases, vol. 19, 700; vol. 16, 224, 225.

In Waber v. Schaffhauser, 34 D. & C. 348, 349, which dealt with service of a summons, it is said:

"The best authority is that the word 'family' describes 'a collective body of persons who live in one house, under one head or manager, including parents, children, and servants'. . . . If the relation between him and other members of the household is of a permanent and domestic character and not intended to be merely temporary such persons are to be regarded as members of the family: *Colter v. Luke*, 129 Mo. App. 702, 706.

"In other words the regular staff of servants who live in the home of the head are members of his family. The servant who renders only occasional service, and does not live in the house, cannot be regarded as a member of the household."

The return in the present case names a person with a name different than plaintiff, but that does not necessarily mean that he is not a member of plaintiff's family or household. The return states him to be an adult member of the household, and the return is in no way inconsistent and is self-supporting. As it is self-supporting and complete on its face, the service must be considered to have been proper. There is no information who the person actually served is, and, as he is stated to be an adult member of the household, we must so consider him in deciding whether or not proper service of the notice had been made.

Now, March 10, 1950, the prayer of defendant's petition is granted and mechanic's lien claim filed in mechanic's lien docket, vol. 9, page 173, is hereby stricken off.