### CARROLL v. NISBET.

1. An assignment of error based on the direction of a verdict presents a reviewable question of law, though the denial of a new trial is not assigned as error.

2. A chattel mortgagee in Illinois, who permits the mortgagor to take the chattels into another state, on an agreement that a duplicate mortgage should be executed and filed in such other state when the chattels arrived there, and fails to file the first mortgage in Illinois until the chattels are removed, whereby it does not become constructive notice (Rev. St. Ill. Chap. 95, Sec. 4) thereby waives his priority as against one who in good faith takes a mortgage on the chattels in such other state, the duplicate mortgage not having been executed.

(Opinion filed March 17, 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action in claim and delivery. Defendant had judgment upon a verdict directed by the court, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Robertson & Dougherty*, for appellant.

Where personal property has been mortgaged, and left in the possession of the mortgagor, and the mortgage is duly recorded, a subsequent removal of the mortgagor to another

state does not make a new record of the mortgage necessary in the county and state to which the mortgagor has removed with the property. The rule of *caveat emptor* applies in such case. Keenan v. Stimson, 20 N. W. 364; Cobbey Ch. Mortg. §§ 476, 477; Nicholas v. Mase, 94 N. Y. 163; Jones Ch. Mortg. § 299; Blystone v. Burgett, 68 Am. Dec, 658; Bank v. Massey, 17 L. R. A. 127; Handley v. Harris, Id. 703; Garner v. Wright, 6 Id. 715; Hornthall v. Burnell, 13 Id. 740; Richardson v. Shelby, 41 Pac. 378.

*Joe Kirby* and *G. R. Krause,* for respondent.

A motion for a new trial was presented to the trial court after judgment had been entered. This motion was denied, but no assignment of error in any such ruling is presented to this court, and he cannot now ask to be relieved from the effect of the order. Pierce v. Manning, 2 S. D. 517; Struthers v. Fuller, 26 Pac. 471; Carson v. Funk, 27 Kan. 524; Lingerman v. Nave, 31 Ind. 222.

FULLER, J. By virtue of a mortgage lien creating a special property in certain threshing machinery, consisting of an engine and separator, plaintiff commenced this action in claim and delivery to recover the immediate actual possession of said property in aid of a statutory foreclosure proceeding. Upon all the evidence introduced at the trial under the complaint and answer, which was a general denial, the court directed a verdict for the defendant; and this appeal is by plaintiff from a judgment accordingly entered, and from an order overruling a motion for a new trial.

As no question concerning the sufficiency of the evidence to sustain the verdict is presented, for the reason that the court's ruling in denying a motion for a new trial was not assigned as error, we must consider that point established, and confine our inquiry to alleged errors of law occurring at the trial, and duly excepted to and assigned. Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Manufacturing Co. v. Galloway, 5 S

D. 205, 58 N. W. 565. As the assignment of error relating to the ruling of the court upon the motion to direct a verdict presents a reviewable question of law, deducible from the facts before it, although the order denying a new trial is not complained of, we shall examine the evidence, and determine whether, as a matter of law, the verdict was properly directed. Mercantile Co. v. Farris, 5 S. D. 348, 58 N. W. 813; Banking Co. v. Kendall, 6 S. D. 543, 62 N. W. 377.

The contention is between mortgagees, and at the trial testimony was offered tending to prove the following facts, which, if essential and properly admitted in evidence, must, when viewed in the light above indicated, be regarded sufficient to sustain the verdict upon which respondent's judgment was entered: On the 12th day of August, 1895, the mortgage upon which appellant relies was duly executed and delivered, in Mercer county, Ill., and the mortgagors removed the property therein described from said county and state, with appellant's knowledge and consent, prior to the recording of said instrument, and with the express understanding between the parties that said property was to be shipped to Minnehaha county, S. D., by the mortgagors, where another mortgage was to be executed and filed, in favor of appellant, upon said property, to secure the indebtedness mentioned in the former mortgage. On the 17th day of August, 1895, after the mortgagors, with the property in controversy, had reached their destination, and two days after appellant's mortgage was recorded in the state of Illinois, said mortgagors executed and delivered to James Nisbet the mortgage which respondent, as assignor and owner, was seeking to foreclose when interrupted by this suit, and which was duly filed as provided by statute, in Minnehaha county, where the property was then situated, and thereafter kept by the mortgagors. As disclosed by his own testimony, appellant did not rely upon the security afforded by the Illinois mortgage, but entered into an agreement by which he permitted the mortgagors to ship the property into this state, with the

express understanding that they would, immediately upon
their arrival in Minnehaha county, execute, file and return to
him the mortgage upon said property, as security for the in-
debtedness involved in this suit, and mentioned in the mortgage
executed in the state of Illinois. As this secret arrangement
was not carried out on the part of the mortgagors before the
execution and filing of the mortgage upon which respondent
relies, and the mortgage made in Illinois was not recorded in
that state while the mortgagors were residents thereof and in
possession of the property, neither respondent nor his assign-
ors are chargable with any notice of the existence of that in-
strument, and the same is not effectual, as against respondent's
lien upon the property in dispute.

In order to constitute constructive notice under the laws of
Illinois, appellant's mortgage should have been recorded in
Mercer county while the mortgagors were residents thereof, or
in the county where the property was situated and kept at the
time of recording, in case the mortgagors were nonresidents of
that state. Rev. St. Ill. Chap. 95, § 4. Appellant, by permit-
ting the property to be shipped to this state in the name of the
mortgagors, and by withholding his mortgage from record,
waived his legal right to priority over respondent's mortgage,
and subjected himself to the application of the equitable
rule that, if one of two innocent parties must suffer by the
act of a third, he who enables the third to occasion the loss
must sustain it. Comp. Laws, § 4730. In the absence of the
agreement above mentioned, had the property in dispute been
removed from Mercer county, Ill., to this state, without appel-
lant's knowledge and consent, and after his mortgage had been
recorded, a question of comity between states, not here in-
volved, might arise, and be presented for our consideration and
review. From a regardful examination of assignments of error
based upon the theory of appellant's counsel, and relating to
the admission and rejection of evidence, we are convinced that
the objections made are not available, and that the record con-

tains no reversible error. The judgment appealed from, awarding respondent the immediate possession of the property described in his mortgage, and fixing the value of his interest therein at $148, is affirmed.