## GRETHER V. SMITH *et al.*

1. The transfer of a note secured by a mortgage carries with it the security as an incident.

2. Where a note and mortgage to a firm were taken in the name of one of the partners, and after his death the firm business was conducted as before, without any accounting or settlement of the partnership business between the surviving partner and the deceased's representative, and the surviving partner indorsed the note to plaintiff, the indorsed note, *together with other facts,* prima facie established plaintiff's ownership of the note and mortgage.

3. In a suit by plaintiff to quiet title to the mortgaged premises, it appearing that there had been no objection on the part of the deceased partner's administrator, or on the part of any creditor of the estate, to the failure of the surviving partner to settle the partnership, and defendant not making any attempt to establish any right or interest in the note and mortgage, a judgment dismissing the complaint was erroneous.

(Opinion filed July 22, 1903.)

Appeal from circuit court, Beadle county; Hon. J. H. Mc-Coy, Judge.

Suit by Anna Grether against Charles H. Smith and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

*John Wood, A. B. Fairbank,* and *Boyce & Warren,* for appellant.

*T. H. Null,* for respondents.

FULLER, J. In this equitable action to remove a cloud and foreclose a mortgage on real property, executed by Charles H. Smith and wife on the 11th day of February, 1886, to secure their promissory note for $400, the defendant Riegel, denying plaintiff's ownership, and claiming to be the lawful assignee of such note and mortgage, prayed for the usual decree of foreclosure, together with judgment against plaintiff for costs and disbursements.

The note offered by plaintiff and received in evidence under the complaint was made payable to the order of F. T. Walker, and indorsed on the back as follows: "Pay Anna Grether or order. F. T. Walker." The mortgage was also taken in the name of F. T. Walker, as mortgagee, and a duly executed and acknowledged assignment thereof, under date of October 4, 1886, is upon the back of the instrument, as follows: "For value received I hereby sell, assign, and transfer unto Anna Grether all my right, title and interest in and to the within mortgage. F. T. Walker." When Smith and wife gave this mortgage, and for many years prior thereto, F. T. Walker and D. Rhomberg were co-partners engaged in the real estate and loan business, in the city of Dubuque, under the name of Walker & Rhomberg, and it was a loan of their money to secure the payment of which the note and mortgage were executed. According to their universal custom, and as a matter of convenience in negotiating such securities, all notes and mortgages belonging to the firm were taken in the name of F. T. Walker,

who, as the field man, made all loans, while Rhomberg remained at the office and disposed of them to investors. About the time the Smith note and mortgage reached the office of Walker & Rhomberg, they borrowed a large amount of money of Mrs. Berry, and, as collateral security to their note, delivered to her this note and mortgage, together with other securities, which she held until the year 1895, when she received payment in full, and surrendered the securities to Rhomberg.

During the time intervening between the making and payment of the Berry loan, and in March, 1889, F. T. Walker died, and by the terms of his will his wife, Nellie J. Walker, became the owner of his entire estate, consisting of an undivided one-half interest in the firm of Walker & Rhomberg. together with the proceeds of certain life insurance policies amounting to $19,000. The assets of the firm of Walker & Rhomberg consisted principally of promissory notes taken in the name of F. T. Walker, who indorsed the same in blank at the time of their execution, in order to facilitate their negotiation during his absence, and the mortgages given to secure the same were assigned in blank over the duly acknowledged signature of F. T. Walker, the mortgagee named in such instruments. Agreeable to the desire of F. T. Walker that the business be carried on after his death, just as before, in the name of Walker & Rhomberg, and that the insurance money which his widow would receive be placed in the firm for its betterment, Mrs. Walker contributed $11,000 thereof, and from time to time thereafter drew out sums aggregating $13,000. Letters testamentary were duly issued to Nellie J. Walker, as the only personal representative and sole devisee under the will, in which she was named as executrix, and the partnership business proceeded, with her

knowledge and acquiescence, just as it had in the lifetime of her husband. No accounting or final settlement of the partnership business has ever been had between D. Rhomberg and Mrs. Walker, but Rhomberg has had the entire management of the business, which has always been conducted in the name of Walker & Rhomberg.

In the year 1897, as collateral security for a loan in the name of the firm, he delivered to the plaintiff, Anna Grether, the note and mortgage in suit, and inserted her name. as indorsee and assignee of such instruments, over the signature of F. T. Walker. Independently of the assignment of the Smith mortgage, the transfer of the note would carry with it the security as an incident, and the possession of such note, duly indorsed and offered in evidence at the trial, was sufficient, when considered with all the other testimony, to establish the prima facie ownership of plaintiff.

In the absence of an objection on the part of Mrs. Walker or some creditor of the estate, the failure of Rhomberg, as surviving partner, to comply with the statute in settling the affairs of the partnership, is not sufficient to absolutely defeat his transfer of property in which he was confessedly interested to the full extent of one-half.

When plaintiff concluded her evidence and rested, it was clear and undisputed that the business had been conducted ever since the death of Mr. Walker, and without interruption or objection, in the name of the firm, and the defendant, who made no attempt to establish any right to or interest in the note and mortgage, was not entitled to a judgment dismissing the complaint.

From the foregoing, and the further fact that the court

declined to make any finding upon the issues presented by the pleadings, the judgment appealed from is reversed, and the case remanded for further proceedings.