FIRST NATIONAL BANK of Canton, S. D., Respondent, v. BALDRIDGE, Appellant.

(159 N. W. 130.)

(File No. 3764.    Opinion filed September 9, 1916.    Rehearing denied November 29, 1916.)

1.  Chattel Mortgages—Record—Priorities—Mortgaged Horses Housed Across County Line—Constructive Notice—Statute.

Under Civ. Code, Sec. 2087, providing that property mortgaged while in transit to the residence of the mortgagor, or to the place where it is to be used, is, during a reasonable time for transportation to be taken as being in the county of mortgagor's residence, or where the property is intended to be used, where plaintiff took a mortgage of horses, colts, etc., loaded into a car billed to a point in another county, where they were to be used on a farm rented by mortgagor, which was filed for record in that county two days later, and when such property reached destination it was at once taken to said farm, and, there being no shelter thereon, the horses and colts were taken to another farm across the highway and county line, where the colts were kept for several months, the horses, which were worked on the farm, being kept during the nights on said adjoining farm until shelter could be erected on the farm where they were being used, held, that defendant, who took a chattel mortgage five days after plaintiff's mortgage had been filed, had constructive notice of the prior mortgage.

Whiting, J., and Gates, J., dissenting.

2.  Chattel Mortgages—Sale of Mortgaged Property by Subsequent Mortgagee—Conversion.

Where defendant, a subsequent chattel mortgagee of horses. colts, etc., seized and sold the horses and applied the proceeds thereof on its mortgage, the prior mortgage not having been paid, held, that such seizure and sale amounted to a conversion.

Appeal from Circuit Court, Kingsbury County.  Hon. ALVA. E. TAYLOR, Judge.

Action by the First National Bank of Canton, S. D., against J. Baldridge, for conversion of mortgaged property.  From a

judgment for plaintiff, and from an order denying a new trial, defendant appeals. Judgment and Order affirmed.

*Crawford & Warren,* and *A. W. Wilmarth,* for Appellant.

*Null & Royhl,* for Respondent.

POLLEY, P. J. Defendant foreclosed a chattel mortgage on certain personal property. Plaintiff, having a prior chattel mortgage on part of the same property, brought this action against defendant to recover for the alleged conversion of the property covered by plaintiff's mortgage. At the close of defendant's evidence, the court, on plaintiff's motion, struck out all of defendant's evidence relative to its two mortgages. Both parties then moved for a directed verdict. Plaintiff's motion was granted, and from the judgment entered upon the verdict so rendered, and from an order denying appellant's motion for a new trial, defendant appeals.

[1] Defendant contends the court erred in granting plaintiff's motion to strike out defendant's evidence and in directing a verdict for plaintiff. Plaintiff's mortgage was executed in Lincoln county on the 28th day of March, 1908, and was filed with the register of deeds in Kingsbury county on the 30th day of that month. At the time plaintiff's mortgage was executed, the mortgaged property, consisting of three horses, three colts, and certain farm machinery, was loaded into a car at Canton, in Lincoln county, billed to Iroquois, in Kingsbury county, where it was to be used on a farm that had been rented by the mortgagor (Herman, by name) five miles south of Iroquois. Said property reached Iroquois on the evening of March 29th and was immediately taken out to the said farm. At that time there was no barn or stable on said farm in which said horses and colts could be sheltered, and they were taken to a farm just across the road from the Herman farm, which was also across the county line in Beadle county. The colts were kept on this farm for several months. The horses were kept there during the nighttime until sheds could be erected on the Herman place, but were worked on the Herman place during the daytime. Defendant's mortgage was executed on the 4th day of April, five days after plaintiff's mortgage had been filed in Kingsbury county. Under these facts (none of which were disputed by defendant) we hold that defendant had constructive notice of plaintiff's mortgage at

the time of the execution of defendant's mortgage. Under the provisions of section 2087, Civ. Code, property mortgaged while in transit to the residence of the mortgagor or to the place where it is to be used is, during a reasonable time for transportation, considered to be in the county in which the mortgagor resides or where said property is to be used. There was no unusual or unnecessary delay in getting the said horses to the Herman farm in Kingsbury county. While it is true they were kept in a barn across the county line during the nighttime, they were worked on the Herman place during the daytime. This condition, however, did not last long, for, as soon as sheds for that purpose could be erected, said horses were kept on the Herman place all the time. Plaintiff's mortgage described said property as being in Kingsbury county. An investigaton of the facts at the time defendant's mortgage was executed would have shown that these horses were being worked in Kingsbury county, and an examination of the records in Kingsbury county any time after the 30th day of March would have shown that the horses were mortgaged to the plaintiff. Under these facts, plaintiff's mortgage was prior in time and superior in right to defendant's mortgage.

[2] It is not claimed that plaintiff's mortgage has ever been paid, and it is admitted that the defendant seized and sold said horses and applied the proceeds thereof on its mortgage. Under the law, this amounted to a conversion, and plaintiff would have been entitled to recover, even though defendant's evidence had not been stricken out, or a verdict directed for plaintiff.

The judgment and order appealed from are affirmed.

WHITING, J. (dissenting). I cannot agree to the conclusion reached in the foregoing opinion. The rights of the parties depended upon the extent, if any, to which plaintiff's mortgage took precedence over the Iroquois State Bank mortgage under which defendant claimed. If this precedence depended upon actual notice, then the question of such notice should have been submitted to the jury. It was a question of actual notice, unless, as a matter of law, taking the evidence most strongly against plaintiff, plaintiff's mortgage took precedence over defendant's mortgage upon property of a value equal to or in excess of the verdict given plaintiff. The property was two work horses and two yearing colts. When plaintiff took its mortage, it expected

that this property would at once be taken to Kingsbury county, where the horses were to be used. When the mortgagee took the mortgage under such circumstances, he took the same knowing that his rights as against third parties, so far as such rights depended upon constructive notice arising from the filing of the mortgage in Kingsbury county, depended entirely upon whether such property was, within a reasonable time, removed to Kinsbury county. An unmarried man—and the mortgagor was unmarried—resides where he eats and sleeps. For some five or six weeks the mortgagor ate and slept in Beadle county, and during this time he stabled the horses in Beadle county, but worked them in Kingsbury county. Under section 2087, Civ. Code, the mere use of personal property in a certain county does not give such property a situs in such county for the purposes of filing a chattel mortgage when the owner of the property lives in another county, and the property is kept, stabled, or pastured in the county of the owner's residence. We need only ask ourselves where, under the facts as they existed, the mortgage of the Iroquois State Bank (under which defendant claimed) would have had to have been filed at the time it was given in order for it to give constructive notice to subsequent purchasers or incumbrancers. Clearly it could only have been filed in Beadle county, and a filing in Kingsbury county would have given no constructive notice. Further than this, the proved value of the two horses was less than half the amount of the verdict. Therefore the verdict and judgment can rightfully stand only if plaintiff's mortgage also had precedence over the colts. The colts were pastured all summer in Beadle county. They never were in Kingsbury county for a period of some five or six months after the filing of the two mortgages in question—plaintiff's in Kingsbury county, and defendant's in Beadle county.

GATES, J., concurs in the above dissent.