EMERSON-BRANTINGHAM        IMPLEMENT        COMPANY,
Appelant, v. AINSLIE, Sheriff, Respondent.

(161 N. W. 1001.)

(File No. 3933.   Opinion filed March 22, 1917.)

1.   **Mortgages—Chattel Mortgages—Property Removed from Another State—Filing of Duplicate Copy—Foreign Statute—Complaint in Replevin by Mortgagee, Sufficiency of.**

A complaint in replevin by a mortgagee of chattels mortgaged in Wyoming and removed to this state, against a sheriff in possession under a warrant of attachment against the mortgagor's property, alleged, among other things, execution and filing of a mortgage or a copy thereof, for record in the proper county in Wyoming, and actual knowledge of the mortgage by the attaching creditors; there being appended to the mortgage a certificate of acknowledgment which, under the laws of Wyoming, pleaded in the complaint, rendered it a valid mortgage in that state; it appearing from the copy of the mortgage attached to the complaint that the endorsement by the county recorder to the effect that a copy was filed, was made on the original mortgage.    Held, that such recorder's certificate was made pursuant to provisions of the Wyoming law (Ch. 144, Wyo. Laws 1909) set forth in the complaint, and that the complaint substantially alleged the filing of the original mortgage in Wyoming; and objections that the complaint is demurrable because it shows a copy of the mortgage filed in Wyoming instead of the original, and because no statute is pleaded authorizing the filing of a copy, are untenable.

2.    Same—Mortgage Valid in Foreign State, a Nullity Here, Removal of Property to This State—Validity in this State as to Third Persons—Comity, Principle of, Whether Applicable.

The courts of this state should, under the principle of comity, recognize a chattel mortgage executed in Wyoming and valid as against third persons, where the mortgagor, without the knowledge of mortgagee, removed the property to this state, although the mortgage would be a nullity if made in this state, because witnessed by only one witness, and failing to recite that mortgagor had received a copy thereof as provided by Civ. Code, Sec. 2092; it appearing that such third persons, being attachment creditors, had actual knowledge of the mortgage; and there being no equitable grounds for refusal to apply the principle of comity.    Such application would not be "to the prejudice of our own citizens," and would, so far as appears from allegations in mortgagee's complaint in replevin, accomplish "complete justice."    Knittle v. Ellenbusch, 38 S. D. 22, 159 N. W. 893, distinguished and explained.

3.    Same—Foreign Recorded Mortgage, Valid There—Removal of Property to this State, Enforcement by Domestic Courts—Rule Stated—Dictum.

The great preponderance of authority sustains the rule that a chattel mortgage executed and recorded in the state where the property is situated will, if valid under the laws of that state, be enforced by the courts of this state, into which the property was afterwards removed by mortgagor.    Dictum.

**4.    Mortgages—Assignment of—Transfer of Secured Note, Effect.**

It is the settled law of the Dakotas that the transfer of a note secured by a mortgage carries the mortgage with it.

Appeal from Circuit Court, Custer County.    Hon. LEVI Mc-GEE, Judge.

Action by Emerson-Brantingham Implement Company, a corporation, as mortgagee, against Isaac Ainslie, as sheriff of Custer County, South Dakota, to recover possession of mortgaged chattels taken under attachment.    From an order sustaining a demurrer to the complaint, plaintiff appeals.    Reversed.

*Juckett & Adams,* for Appellant

*Percy H. Helm,* for Respondent.

(1) To point one of the opinion, Appellant cited: Sec. 3729, C. S. Wyoming, 1910; First National Bank v. Woodworth, 7 Wyo. 20, 49 Pac. 406; Boswell v. First National Bank, 16 Wyo. 188, 92 Pac. 624, 93 Pac. 661.

Respondent cited: Civ. Code, Secs. 2092, 2085; Park v. Robinson, (S. D.) 91 N. W. 344; Walkin v. Horwill, (S. D.) 123 N. W. 668; Rosenbaum v. Foss, 4 S. D. 184, 56 N W. 114; Corbett v. Littlefield, Sheriff, (Mich.) 47 N. W. 581.

(2) To point two of the opinion, Appellant cited    Mast, Foos & Co. v. Stover Mfg. Co.:, 20 Sup. Ct. 708, 177 U. S. 485, 44 L. Ed. 856; Norwich Union Fire Insurance Soc. v. Stanton, 191 Fed. 813, 112 C. C. A. 327; Torry v. Hancock, 184 Fed. 61, 69, 107 C. C. A. 79; The Disconto Gesellschaft v. Umbreit, 28 Sup. Ct. 337, 340, 208 U. S. 570, 52 L. ed. 625; Prentis v. Atlantic Coast Line Co., 29 Sup. Ct. 67, 74, 211 U. S. 210, 53 L. ed. 150; Hilton v. Guyot, 16 Sup. Ct. 139, 143, 150 U. S. 113, 40 L. ed. 95.

Respondent cited    9 Cyc. 675, 676; Note 70, page 680, 9 Cyc: Rogers v. Rains, 38 S. W. 483; 5 R. C. L. 910, 911, 912.

(3) To point three of the opinion, Appellant cited: Jones on Chattel Mortgages, Secs. 299-301 and 303, and cases cited; Wilson v. Rustad, 7 N. D. 330, 75 N. W. 260; 5 R. C. L. 399, 68; Farmers and Merchants State Bank v. Sutherlin, 93 Neb. 707, 141 N. W. 827, Ann. Cas. 1914B, 1250; Carroll v. Nisbet, 9 S. D. 497.

(4) To point four of the opinion, Respondent cited: 5 R. C. L. 441, par. 74; Daws vs. Craig, (Iowa) 17 N. W. 778; Central Trust Co. v. Stepanek, (Iowa) 128 Am. St. Rep. 175.

GATES, P. J.   Defendant sheriff was in possession of certain mortgaged chattels pursuant to a warrant of attachment issued against the property of the mortgagor, Choquette. Plaintiff, as assignee of the mortgage, brought this action for the possession of the chattels and for damages for their detention. Defendant demurred to the complaint for want of facts. The demurrer was sustained. Therefrom plaintiff appeals.

The complaint alleges the giving of a chattel mortgage on the property by Choquette to Reeves & Co. in Weston county, Wyo., to secure the payment of specified promissory notes; the execution and filing of same, or a copy thereof, for record in said county in accordance with the laws of Wyoming, pleading them; the assignment of the notes to plaintiff; the removal of the property to South Dakota without the knowledge of plaintiff; the attachment of the property by the sheriff; and actual knowledge of the mortgage by the attaching creditors. The complaint also sets forth the mortgage in full, and contains allegations showing plaintiff's special property in the chattels. The mortgage was witnessed by only one witness, and did not contain the recital required by our section 2092, C. C., that the mortgagor had received a copy of the mortgage.

[1] It is apparent that, if the mortgage is to be governed by the laws of South Dakota, it was a nullity, but appended to the mortgage was a certificate of acknowledgment, and under the laws of Wyoming pleaded in the complaint it was a valid mortgage in that state. Incidentally it is claimed that because a copy of the mortgage was filed in Wyoming, instead of the original, and because no statute is pleaded which authorizes the filing of a copy, the appellant cannot recover. The copy of the mortgage attached to the complaint shows that the indorsement by the county recorder to the effect that a copy was filed was made on the original mortgage. We are of the view that such certificate by the recorder was made because of the provisions of chapter 144 of Laws Wyo. 1909, set forth in the complaint, relative to the filing of a duplicate copy. We think it would be extremely technical to hold that the complaint does not allege the filing of the original mortgage in Wyoming, and for the purposes of this appeal we hold that the complaint shows that it was so filed.

[2] The one important question in this case is whether the courts of this state should, under the principle of comity, recognize a mortgage, valid as to third persons where executed, where the mortgagor, without the knowledge of the mortgagee, removed the property to this state; the mortgage being a nullity if it had been made in this state. It being alleged that the attaching creditors had actual knowledge of the mortgage, there are no equitable grounds for a refusal to apply the principle of comity. Such application would not be "to the prejudice of our own citizens," and would, so far as any allegations of the complaint are concerned, accomplish "complete justice." 1 Lewis' Sutherland, Stat. Construction, 24. The question of comity was recently before this court, and the application of the principle in the present case is entirely within the reasons laid down in that case, viz: Knittle v. Ellenbusch, 38 S. D. 22, 159 N. W. 893. One illustration was, however used in that case that perhaps needs explanation. It was therein stated:

"Courts will not enforce a foreign mortgage lien against those citizens of the state of the forum who are not parties to the mortgage, where the mortgage has not been recorded in the state of the forum. Miles v. Oden, 8 Martin (N. S. La.) 214, 19 Am. Dec. 177."

Of the Louisiana decisions on this subject the following appears in Jones on Chat. Mtg. (5th Ed.) § 300.

"Thus, a chattel mortgage being wholly unknown to the law of Louisiana, the courts of that state do not feel bound by the comity of nations to enforce such a mortgage made in another state."

Again, in the cited Louisiana case the fact appeared that the assignee of the Kentucky mortgage assented to the removal of the property from that state, and the purchaser in Louisiana made his purchase in good faith without notice of the lien. So that the illustration should not in any event apply to cases where the property was wrongfully removed from a state without the knowledge of the mortgagee, and where the third persons had actual knowledge of the mortgage.

In Carroll v. Nisbet, 9 S. D. 497, 70 N. W. 634, it was held that, because of the failure to file the mortgage in Illinois, and because of the consent of the mortgagee to the removal of the

property to this state, the lien of the mortgage was subordinate to the rights of a subsequent bona fide mortgagee.

The great preponderance of authority sustains the rule that a chattel mortgage executed and recorded in the state where the property is situated will, if valid under the laws of that state, be enforced by the courts of another state into which the property is afterwards removed by the mortgagor. Wilson v. Rustad, 7 N. D. 330, 75 N. W. 260, 66 Am. St. Rep. 649; Yund v. First Nat. Bk., 14 Wyo. 81, 82 Pac. 6; Simms v. McKee, 25 Iowa, 341; Keenan v. Stimson, 32 Minn. 377, 20 N. W. 364; Farmers' & Merchants' St. Bk. v. Sutherlin 93 Neb. 707, 141 N. W. 827, 46 L. R. A. (N. S.) 95, Ann. Cas. 1914B, 1250, and note; Jones on Chat. Mtg. (5th Ed.) § 299. We do not need to go to that extent in this case. We simply hold that it is the duty of the court to apply the rule of comity to the facts here presented. It is so applied, and the validity of the Wyoming mortgage should be recognized by the courts of this state.

[3] It is further claimed that because there is no allegation in the complaint of a formal assignment of the mortgage to plaintiff it cannot maintain this action. It is the settled law of the Dakotas that the transfer of a note secured by a mortgage carries the mortgage with it. Parker v. Randolph, 5 S. D. 549, 59 N. W. 722, 29 L. R. A. 33; Grether v. Smith, 17 S. D. 279, 96 N. W. 93; Miller v. Berry, 19 S. D. 625, 104 N. W. 311; Brynjolfson v. Osthus, 12 N. D. 42, 96 N. W. 261.

The order appealed from is reversed.