GRIEME, Respondent, v. ROBKES, et al, Appellants.

(188 N. W. 745.)

(File No. 5087.    Opinion filed June 13, 1922.    Rehearing denied. August 31, 1922.)

1.  **Mortgages—Chattel Mortgage Duly Executed in Foreign State, Good Everywhere—Lex Loci Contractus As Governing.**

    A chattel mortgage and note duly executed according to the laws of Iowa but covering property located in this state, is to be interpreted and judged by the law of the state where made, unless the contracting parties clearly appear to have had some other law in view; and a contract good where made is usually good everywhere. So held, although the mortgage did not contain a receipt for copy thereof as required by our law.

2.  **Same—Foreign Mortgage on South Dakota Property, Good as Between Parties, Not Good Against Attaching Crdeditors Without Notice.**

    While a chattel mortgage executed and payable in Iowa upon property in this state is not in force in latter state as against attaching creditors and others not parties thereto, without notice, it is valid as between the parties themselves; and the situs of the property was immaterial as between the parties to the mortgage; the validity and effect of contracts relating to personalty are determinable by law of state where made, and

as matter of comity they will, if valid there, be enforced in another state though not executed or recorded according to the laws thereof; the situs of a debt not being governed by situs of the security, the debt being subject to the law of the domicile of the party to whom it is due. Therefore held, the mortgage in question constitutes a valid lien upon the property covered thereby.

**3.  Actions—Foreclosure of Chattel Mortgage, Recovery on Land Lease, Enjoining Mortgagors from Disposing of Mortgaged Property—Property Partly Disposed of, Effect Under Security Clause.**

Where in a suit to foreclose a chattel mortgage and to recover on a land lease, it appeared that at least $1800 was due on the lease, and that mortgagors had disposed of some of the security, and were about to dispose of more, that disposed of being worth $2500, the mortgage authorizing mortgagee, if at any time deeming himself unsafe "to take the property and sell the same;" held, that at time of bringing suit a good cause of action existed, and suit was not prematurely brought.

**4.  Foreclosure—Chattel Mortgage—Mortgagors' Disposal of Part of the Security, Whether Temporary Injunction Erroneous.**

Where, in a suit to foreclose a chattel mortgage, it appeared that a large part of the property had been disposed of by mortgagors, the mortgage permitting mortgagee at any time he deemed himself unsafe to take and sell the property, held, trial court did not abuse discretion in granting temporary restraining order enjoining mortgagors from further disposal of the property; an application for interlocutory injunction being addressed to sound discretion of trial court to be guided by circumstances of particular case; and exercise of such discretion will not be interfered with on appeal unless it manifestly appears trial court abused discretion; no abuse appearing in instant case.

Appeal from Circuit Court, Brookings County. Hon: WILLIAM A. SKINNER, Judge.

Action by Carsten Grieme, against Henry Robkes and others, for foreclosure of a chattel mortgage and to enjoin further disposal of mortgaged property by mortgagors, and to recover under a land lease. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*M. J. Russell,* for 'Appellants.

*Hall & Purdy,* for Respondent.

(1)  To point one of the opinion, Appellant cited: Sec. 470, Code 1919.

ANDERSON, J. This is an action brought by plaintiff against the defendants to recover the sum of $18,625.31, with interest, in accordance with the terms of a promissory note secured by a chattel mortgage, both of which were due March 1, 1922, and for an order restraining and enjoining defendants, and each of them, from disposing of any of the property covered by the mortgage. Based upon the complaint and the affidavit of plaintiff Grieme and upon an order to show cause, such proceedings were had that on the 14th day of December, 1921, the circuit court of Brookings county issued its order restraining and enjoining defendants, and each of them, from disposing of any of the property described in the mortgage during the pendency of the action, and until further order of the court. That thereafter, and on the 4th day of February, 1922, defendants duly perfected an appeal to this court from said restraining order. It appears from the record that the mortgage in question did not contain the mortgagors' receipt for copy as is required under the laws of this state.

[1] The note and the mortgage securing the same were made and signed at Galva, Iowa. The property covered by the mortgage was at that time in Brookings county, this state. It is contended by appellant that, because no receipt for copy was made a part of the mortgage, the same was and is void in this state, and that, by reason thereof, no cause of action could be predicated upon its terms in this state. There is no question but that the mortgage was duly made and executed in conformity with the laws of the state of Iowa. As we understand the rule, the validity of a contract—that is the question whether it is legal or illegal—is judged by the law of the state or country where made, and that a contract good where made is usually good everywhere. 12 C. J. 449.

"The general rule as to contracts of all kinds is that they are to be governed as to their nature, validity, and interpretation by the law of the place where they were made unless the contracting parties clearly appear to have had some other law in view. While as a general rule a contract valid where it is made or under the law with reference to which it is made is valid everywhere." Elliott on Contracts, § 1199; Whitney v. Dodge, 105 Cal. 192, 38

Pac. 636; 12 C. J. 470, note 13; Barry v. Stover, 20 S. D. 459, 107 N. W. 672, 129 Am. St. Rep. 941.

[2]   It appears that the note and mortgage were executed in Iowa and made payable in Iowa.   We think it is true that a mortgage executed in one state upon property in another will not be held in force in the latter state as against attaching creditors, and others not parties to the mortgage, without notice, but we believe as between the parties themselves such mortgage is valid. Smead v. Chandler, 71 Ark. 505, 76 S. W. 1066, 65 L. R. A. 353. A chattel mortgage was executed in Pennsylvania upon property situated in the state of New York.   The mortgage was invalid under the laws of the state where executed, but valid under the laws of the state where the property was situated, but the New York court held the mortgage invalid, declaring that the lex loci contractus should control, and not the lex loci Situs, holding that the situs of the property was immaterial so far as the rights of the parties to the mortgage are concerned.   Bank v. Danforth, 14 Gray (Mass.) 123; 11 C. J. 423, note.  Fowler v. Bell (Tex. Civ. App.) 35 S. W. 822; Cobby on Chattel Mortgages.

"The validity of a chattel mortgage executed in Iowa by an Iowa corporation on property in Texas is governed by the laws of Iowa."   9 Cent. Dig. col. 2268.

See Snyder v. Yates, 112 Tenn. 309, 79 S. W. 796, 64 L. R. A. 353, 105 Am. St. Rep. 941; Casner v. Hoskins, 64 Or. 254, 128 Pac. 841, 130 Pac. 55.

"It is generally stated that the situs of a debt is not governed by the situs of the security, and that the debt is usually subject to the law of the domicile of the party to whom it is due."   Wharton's Conflict of Laws (3d Ed.) § 368.

From the foregoing we think it clearly appears that the mortgage in question is and constitutes a valid lien upon the property covered thereby.

[3, 4]   Appellants contend that the action was prematurely brought, and that by reason thereof the court had no jurisdiction to grant the temporary restraining order.   There is no conflict in the evidence but that at the time of the commencement of this action there was past due on the lease at least $1,800.   There is further no dispute but that the mortgagors had already disposed of some of the security, and were about to dispose of more of the

same, and that the security disposed of aggregated in value approximately $2,500. It further appears that the mortgage contains this provision:

"Should the mortgagee at any time deem himself unsafe then it shall be lawful for him to take the property and sell the same."

This we think beyond doubt shows that at the time this action was brought a good cause of action existed. This leaves but one other question to be disposed of: Did the trial court abuse its discretion in granting the temporary restraining order upon which this appeal is based? It is a familiar principle of equity that an application for an interlocutory injunction is addressed to the sound discretion of the trial court, to be guided according to the circumstances of the particular case. When this discretion so vested in the court has been exercised, such exercise will not be interfered with by the appellate court unless it manifestly appears that the trial court was guilty of an abuse of such discretion. Under the facts as shown by the record in this case, we are unable to say that the trial court in granting this interlocutory writ abused its discretion.

The order appealed from is affirmed.