SIMON KUSSER, Appellee, v. SIOUX CITY HORSE & MULE COMPANY, Appellee; W. C. CHRISTENSEN, Intervener, Appellant.

CHATTEL MORTGAGES: Construction—Lex Loci Contractus. Chattel
1  mortgages will be construed in accordance with the law of the state of execution and performance, even though the property is located in a foreign state.

CHATTEL MORTGAGES: Notice—Evidence. Actual knowledge of
2  the existence of a chattel mortgage supplies the place of constructive knowledge furnished by recording.

Headnote 1. 11 C. J. p. 423. Headnote 2. 11 C. J. pp. 460, 520.

*Appeal from Woodbury District Court.*—MILES W. NEWBY,
Judge.

OCTOBER 24, 1924.

REHEARING DENIED JANUARY 16, 1925.

ACTION at law, to recover damages for the alleged conversion of certain horses belonging to plaintiff. The opinion states the facts. Trial to a jury, with verdict in favor of plaintiff. The intervener alone appeals.—*Affirmed.*

*Milchrist, Jepson, Pitkin & Jepson,* for appellant.

*Kass Bros.,* for appellee.

DE GRAFF, J.—The defendant Sioux City Horse & Mule Company is a mere stakeholder; so that the essence of the appeal involves the claim of the intervener to the property in suit. It appears that, during the summer of 1918, plaintiff Kusser resided in Hyde County, South Dakota, and at that time sold

his farm, together with his personal property, including cattle, horses, and machinery, to one Leslie Christensen, and as part of the purchase price took back a chattel mortgage in the sum of $9,000. The note and mortgage were executed and made payable at Le Mars, Iowa. The mortgage described the horses as "140 head of horses and mares all ages and colors," and further recites:

"It being my intention to mortgage all property of the respective kinds above described that I now own, the same being free from incumbrance and in my possession on my farm in Sec. No. 7, Township No. 109, Range No. 71, Hyde County, S. Dak., with all increase or additions thereto until the consideration herein named is fully paid, according to the terms of one note of said mortgagor, bearing even date herewith."

Subsequently to the execution and delivery of said mortgage, the mortgagor paid $5,000 on said debt; and a new note for $4,000, secured by the said mortgage, was executed and delivered. The mortgage was filed for record in Hyde County, South Dakota.

There can be no question that the mortgage is a valid contract between the parties thereto, and created a valid lien. It must be judged by the law of the state where executed and payable. That state is Iowa. The situs of the property is immaterial, as far as the rights of the parties to the mortgage are concerned. *Grieme v. Robkes*, 45 S. D. 480 (188 N. W. 745). We are not dealing with any asserted right or claim on the part of the mortgagor, who is not a party to this cause. The intervener alleges in his petition that he is the absolute owner of the horses; but the source of his title is not disclosed, either in petition or evidence. The pertinent question, then, is, Upon what does the intervener predicate his claim? The twenty horses in question were transported and delivered by the intervener to the defendant Sioux City Horse & Mule Company at Sioux City, Iowa, on March 15, 1922.

1. CHATTEL MORT-GAGES: construction: *lex loci contractus.*

Prior to the sale, plaintiff gave written notice to the defendant company of his rights as mortgagee, and demanded immediate possession of the horses. Thereupon, on March 16, 1922, it was agreed between the parties that the horses should

be sold, and that the net proceeds should be deposited in the Livestock National Bank at Sioux City, Iowa, to be held pending the determination of the ownership and lien on said horses; "the intention being that, by consent of all concerned, the rights of all the parties shall be transferred to the said net proceeds of the sale of said horses." The horses were sold, and the proceeds thereof, in the sum of $364, deposited according to the agreement. Plaintiff then instituted this action on April 28, 1922; and on May 11, 1922, the intervener-appellant, W. C. Christensen, filed his petition, in which he alleges that he was the absolute owner of seventeen horses involved in the sale. No evidence was introduced by either the defendant or the intervener. The jury was instructed that the burden was upon the plaintiff to prove that the twenty head of horses shipped to Sioux City by the intervener were covered by and included in the chattel mortgage introduced in evidence; and if answered in the affirmative, then the jury was instructed to determine whether or not the intervener had notice of the existence of the mortgage. The instruction in question is subject to verbal criticism, in that the notice or knowledge of the intervener was made dependent "prior to the time of the shipment." This, however, was without prejudice to the intervener. As indicated, the intervener did not testify upon the trial, and there was no evidence as to his claimed ownership, other than the testimony of his having driven the horses from the farm to the railroad station at Highmore, South Dakota, and that the horses were there consigned to the Sioux City Horse & Mule Company at Sioux City. Waiving the question of constructive notice by the filing of the mortgage in suit, it is satisfactorily shown by the record that the intervener had actual knowledge of the existence of plaintiff's mortgage. Two separate conversations are shown, and the matter of this mortgage was talked over in the presence of both the mortgagor and the intervener. It is also shown that the intervener resided with his brother on the farm where these horses were kept for a period of three years, during which time his brother Leslie, the mortgagor, exercised control of these horses, and had made one shipment to St. Louis.

2. CHATTEL MORTGAGES: notice: evidence.

There is ample warrant for a finding of a jury that not

only were the horses in question covered by the mortgage, but that the intervener had actual knowledge of its existence. The issues of this cause are strictly between the plaintiff and the intervener; as the defendant by answer disclaims any interest in the litigation, and the proceeds of the sale were tendered by the defendant company, and in fact deposited with the clerk for the benefit of the party entitled thereto.

This mortgage is valid between the original parties, and as against any subsequent purchaser with actual notice that the chattels were covered thereby. In fact, intervener's claim of ownership must be based upon mere inference from the fact that he exercised certain dominion over the property in attempting to effect a sale thereof. The evidence is clear that the intervener converted these horses to his own use by taking possession of them on the farm where they were kept. The verdict of the jury found that the plaintiff, under his mortgage, was entitled to the horses, or the proceeds thereof. Plaintiff prayed for judgment against the defendant and the intervener; likewise, the intervener claimed judgment "for the net proceeds of the sale of said horses, to wit, $364," and for costs against plaintiff. This was the clear-cut issue.

We discover no reason for disturbing the verdict of the jury thereon. Wherefore, the judgment is—*Affirmed.*

ARTHUR, C. J., and STEVENS and VERMILION, JJ., concur.