C. I. T. CORPORATION, Appellant, v. JORGENSEN, Respondent.

(242 N. W. 594.)

(File No. 7298. Opinion filed May 21, 1932.)

*Hitchcock, Sickel & Whiting*, of Mitchell, and *J. L. Weitlauf*, of Chicago, Ill., for Appellants.

*Roscoe Satterlee*, of Mitchell, for Respondent.

RUDOLPH, J. The plaintiff brought this action to recover possession of a certain automobile. The facts are agreed to by stipulation of the parties. The defendants Tolmacks purchased the automobile in controversy from the Hudson Motor Company. Title to the automobile was reserved in the Hudson Motor Company by means of a conditional sales contract. The sale was conducted and consummated in the state of Indiana, and the car was kept in Indiana after the sale. The Hudson Motor Company assigned the conditional sales contract to plaintiff. The laws of the state of Indiana do not require the filing of conditional sales contracts, and it is the law of the state of Indiana that conditional sales contracts are valid as against third persons in the state of Indiana without recording or filing. The conditional sales contract was not filed or recorded in Indiana. Payments under the contract were due on the 7th day of each month, and were paid up to and including the payment due on June 7, 1930. The contract provided that the automobile should not be removed from the state of Indiana. Some time after June 7th, Tolmacks, without the knowledge or consent of the plaintiff, removed the automobile from Indiana, and on July 1, 1930, while driving through the state of South Dakota with the said car, had an automobile accident. The wrecked automobile was taken to the place of business of the defendant Jorgensen, who conducted an automobile repair shop, and who furnished materials and performed work and labor upon the car at the request of the Tolmacks. The repairs were made, and materials furnished, by the defendant Jorgensen between July 1 and July 26, 1930. On August 12, 1930, the appellant first received notice that the car was in South Dakota, and on August 19, 1930, the appellant caused a copy of the conditional sales contract to be filed with the register of deeds of the county in South Dakota in which the automobile was then located. The defendant Jorgensen claims a lien upon

the automobile under the provisions of chapter 160, Session Laws of 1927. The trial court sustained the claims of defendant Jorgensen and held that he had a lien on the automobile superior to the conditional sales contract of the plaintiff, and not subject thereto. The plaintiff has appealed.

Under the provisions of chapter 160, Laws of 1927, the vendee lawfully in possession under a conditional sales contract made subsequent to the enactment of that law has the authority to subject the property, which he so holds, to the lien of the garage keeper therein provided. This authority, however, is subject to all of the provisions of that law. Section 2 of the said chapter 160, Laws of 1927, provides as follows: "That the lien given and provided for in the preceding section shall be subject and inferior only to mortgages and conditional sales contracts properly filed on or before the time when the property comes into the possession of the lien claimant." The whole question, therefore, involved in this case must be determined by a construction of the above-quoted section 2 of said chapter 160. The Tolmacks were in default in their payments under the contract, and the plaintiff was entitled to possession unless the defendant Jorgensen has the lien which he claims. We are therefore squarely confronted with the question: Was this conditional sales contract "properly filed" within the meaning of section 2 of the said chapter 160 to render the lien acquired by the defendant Jorgensen subject and inferior to this conditional sales contract?

The appellant first contends that the rights of the parties to this action should be determined under the laws of Indiana; the argument being that the conditional sales contract was executed and, by its terms, was to be performed in Indiana, and that therefore the rights of the vendor are to be determined by the laws of Indiana. The appellant cites cases sustaining the general holding that where a conditional sales contract is made in a state which does not require the filing thereof to make the contract effective as against third persons, and where it is not contemplated that the property is to be removed to some other state, and its removal is without the consent of the vendor, the vendor's title is good and will be enforced against innocent purchasers thereof who acquire their rights in the property after its removal to another state, although the contract is not filed in that state in accordance with

the local custom. However, we are not confronted with a situation governed by the above-announced general holding. In this case we have simply a question of priority of liens. Our local statute makes the garage keeper's lien prior to a conditional sales contract, unless this contract is "properly filed." Whether the contract is "properly filed" must be determined by the laws of South Dakota. A case often referred to, and relied upon by appellant as sustaining the general holding above announced, is the case of Baldwin v. Hill, 4 Kan. App. 168, 46 P. 329. The later Kansas case of Willys Overland Co. v. Evans, 104 Kan. 632, 180 P. 235, however, recognizes the right of the Kansas Legislature to create a garage man's lien superior to the rights of a mortgagee under chattel mortgage given and duly recorded in Missouri. The South Dakota Legislature has given a garage keeper a lien under the provisions of chapter 160, Laws of 1927, subject only (so far as this case is concerned) to a conditional sales contract "properly filed."

 This state adopted the Uniform Conditional Sales Act in 1919, by passing chapter 137, Laws of 1919. Section 14 of that law provides as follows: "When, prior to the performance of the condition, the goods are removed by the buyer from a filing district in this state to another filing district in this state in which such contract or a copy thereof is not filed, or are removed from another state into a filing district in this state where such contract or copy is not filed, the reservation of the property in the seller shall be void as to the purchasers and creditors described in Section 5, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district in which the goods have been removed." Under the provisions of this law the contract is properly filed to preserve the rights of the vendor under the terms thereof, if it is filed in the filing district to which the property is removed within ten days after the vendor receives notice that the goods have been so removed. When the Legislature passed chapter 160, Laws of 1927, the rights of the conditional vendor were again recognized. To preserve his priority under this 1927 law the vendor has only the burden of properly filing his conditional sales contract. To determine whether the conditional sales contract is "properly filed" to preserve its priority over the lien created by the 1927 law, we must of necessity look to some other law to find

out the meaning of "properly filed." This is obvious for there is no provision from which this may be determined in the 1927 law. Having recognized the rights of the conditional vendor again in this 1927 law, we do not believe that the Legislature intended to ignore the provisions of the conditional sales law, but by using the term "properly filed" referred us expressly to that law. We therefore look to the conditional sales law to determine whether the contract is properly filed to preserve its priority. As above pointed out, to preserve its priority under the terms of the conditional sales law, the contract is properly filed if filed within ten days after receiving notice of the removal of the property. It follows that we are of the opinion that to preserve its priority under the 1927 law, the contract is "properly filed" if filed in such a manner as to preserve its priority under the provisions of section 14 of 1919 law above quoted. The Arizona Supreme Court has construed similar Arizona statutes, and has given the same effect thereto as we have herein given these South Dakota statutes. See Cherry's, Incorporated, v. Sharpensteen, 33 Ariz. 342, 265 P. 90. Under the stipulated facts the appellant first received notice of the removal of the automobile on August 12, 1930; on August 19, 1930, the conditional sales contract was filed in the proper county. The lien of the defendant garage keeper is, therefore, subject to the conditional sales contract of the appellant.

■ ■ We are of the opinion that the right of the garage keeper to retain possession under the terms of said chapter 160, Laws of 1927, is dependent upon the priority of his lien. If the lien of the garage keeper is inferior to a conditional sales contract properly filed, his right to possession is also inferior to the rights of the conditional vendor.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and WARREN, JJ., concur.